R. P. HARVEY AND S. G. STARNES, TRADING AS HARVEY & STARNES, R. P. HARVEY AND S. G. STARNES, v. T. F. LINKER AND FAY C. LINKER.

(Filed 20 November, 1946.)

**1. Frauds, Statute of, § 3—**

The general denial of the contract as alleged is a sufficient pleading of the statute of frauds. G. S., 22-2.

**2. Frauds, Statute of, § 10—**

A contract for the sale of land or any interest therein must fix the price, and therefore where a valid contract to convey is executed by the owners of land, and later the purchasers add after the signatures a stipulation that by mutual agreement the time for performance had been extended and the purchase price changed to a reduced sum, the change in purchase price constitutes a new contract which, not having been signed by the owners, is unenforceable against them under the statute of frauds as not having been signed by the parties to be charged.

**3. Frauds, Statute of, § 2—**

The "party to be charged" whose signature is necessary to take the contract out of the statute of frauds, is the party against whom the contract is sought to be enforced, whether vendor or purchaser.

APPEAL by plaintiffs from *Clement, J.,* at August Term, 1946, of CABARRUS.

This is an action to enforce specific performance of an alleged contract or option for the purchase of a tract of land from the defendants. The option was dated 26 March, 1946, duly executed by the defendants, and provided for the conveyance of the property upon payment of $6,270.00 in cash, on or before 26 May, 1946. The option as executed was not exercised. Thereafter the evidence tends to show that the defendant T. F. Linker agreed to reduce the price of the property to $5,000.00, and to give the plaintiffs until 15 July, 1946, to purchase the property.

The plaintiffs changed the original option to conform to the alleged agreement and added below the signatures of the defendants the following statement: "By permission of both parties, this option has been changed to the amount of $5,000.00, and the time extended to July 15, 1946." None of the parties signed the alleged option as amended.

Upon motion of defendants, judgment as of nonsuit was entered. The plaintiffs appeal, assigning error.

*B. W. Blackwelder for plaintiffs.*
*Hartsell & Hartsell for defendants.*

DENNY, J. The plaintiffs concede that a contract for the sale of land must be in writing and signed by the party or parties to be charged therewith. But they insist the court erred in granting defendants' motion for judgment as of nonsuit herein, and cite in support of their contention the cases of *Allston v. Connell,* 140 N. C., 485, 53 S. E., 292, and *Johnson v. Noles,* 224 N. C., 542, 31 S. E. (2d), 637. Both cases relate solely to the extension of the time for performance under the terms of the contract; and the extensions were requested before the expiration of the options and at the request and for the accommodation of the parties to be charged. Therefore they are not in point.

The defendants rely on the statute of frauds under their general denial of the contract as alleged. G. S., 22-2; *McCall v. Institute,* 189 N. C., 775, 128 S. E., 349; *Miller v. Carolina Monazite Co.,* 152 N. C., 608, 68 S. E., 1; *Winders v. Hill,* 144 N. C., 614, 57 S. E., 456.

In the instant case it is not clear whether the alleged extension of time was granted before or after the expiration of the original option. Nevertheless, when the purchase price was changed it constituted a new con-

tract, unenforceable unless signed by the parties to be charged. In discussing the statute of frauds, *Ruffin, C. J.,* in speaking for this Court, in *Simms v. Killian,* 34 N. C., 252, said: "The danger seems as great that a purchase at an exorbitant price may by perjury be imposed on one who did not contract for it, as that by similar means a feigned contract of sale should be established against the owner of the land. Hence the act in terms avoids entirely every contract, of which the sale of land is the subject, in respect of a party, that is, either party who does not charge himself by his signature to it after it has been reduced to writing." *Keith v. Bailey,* 185 N. C., 262, 116 S. E., 729; *Burriss v. Starr,* 165 N. C., 657, 81 S. E., 929; *Hall v. Misenheimer,* 137 N. C., 183, 49 S. E., 104.

A contract for the sale of land or any interest therein, must fix the price. To permit the plaintiffs to establish by parol evidence a change as to one of the essential terms of the contract would open the door to "all the mischiefs which the statute was intended to prevent," *Hall v. Misenheimer, supra.*

The judgment of the court below must be upheld.

Affirmed.