R. F. HALL, JR., AND R. F. HALL, SR., TRADING AND DOING BUSINESS AS R. F. HALL & SON, v. J. W. CHRISTIANSEN AND WIFE, DAISY M. CHRISTIANSEN.

(Filed 14 January, 1955.)

**1. Bills and Notes § 26b—**

The evidence was to the effect that the payee of notes given for the purchase price of farm machinery agreed that if the growing season was bad, he would give an extension of time for payment of the notes, and that he extended the time beyond the extension requested by the makers. *Held:* The evidence does not support the defense that the indebtedness was to be paid out of crops to be grown.

**2. Sales § 27—**

Testimony of the maker of notes given for the purchase price of farm machinery that the seller did not say when the machinery would be delivered, but that it would be delivered in time to make that year's crop, and that in case it was not delivered in time, the seller would give an extension of time for payment of the notes, with further evidence that the delivery of the machinery was completed by July 1st of that year and delivery accepted by the purchaser, and extension of time granted as requested, *is held* insufficient to support a counterclaim for late delivery in the seller's action on the notes.

**3. Same—Evidence held insufficient to show damage from alleged breach of agreement not to register deed of trust.**

In plaintiffs' action on notes for the purchase price of farm machinery, secured by chattel mortgage and deed of trust, defendant set up a counterclaim alleging that in violation of plaintiff's promise, he had the deed of trust registered, and that as a result thereof, a third person refused to lend plaintiffs money for improvements. The evidence disclosed that the deed of trust contained a provision that if such third person should furnish

money for the improvements, such third person should have a prior lien to the amount furnished, and there was no allegation that plaintiffs had any control over such third person or anything to do with his failure to advance the money for the improvements. *Held:* The record fails to show a basis for the counterclaim.

**4. Evidence § 39—Ordinarily, parol evidence is inadmissible to vary the terms of a written contract.**

Where the purchaser of machinery gives written orders therefor, and executes notes, mortgage, and deed of trust setting forth the time and method of payment, the instruments constitute a contract in writing between the parties, and in the absence of evidence that the notes, mortgage, and deed of trust were conditionally delivered, or that there was mutual mistake in drafting them, or fraud in procuring their execution, or a different mode of payment agreed upon, parol testimony is inadmissible to vary or change the contract.

APPEAL by defendants from *Martin, S. J.,* March Term, 1954, NEW HANOVER.

The plaintiffs instituted this action to recover on four promissory notes, all dated 20 May, 1950, and due as follows: Three notes for $1,000.00 each, due respectively, 15 November, 1950, 15 December, 1950, 15 January, 1951; and the other note for $3,508.00, also due on 15 January, 1951. The notes were secured by chattel mortgage on certain named articles of farm machinery and equipment. The mortgage contained the following: "It is understood and agreed between the parties hereto that if the first three notes for $1,000.00 each as herein set out are paid on or before maturity dates, the balance of $3,508.00 shall be extended and paid as follows: $500.00, 15 July, 1951; $500.00, 15 August, 1951; $800.00, 15 September, 1951; $300.00, 15 October, 1951; $813.00, 15 November, 1951; $500.00, 15 December, 1951; and $400.00, 15 January, 1952. (Evidently the above calculation includes interest.)

In addition to the chattel mortgage, the defendants executed a deed of trust conveying to a trustee certain described tracts of land in Columbus County as further security for the notes. The deed of trust contained the same provisions with respect to the payment of the $3,508.00 as set out in the chattel mortgage. The deed of trust contained the further provision that if C. P. Holcomb should furnish to grantors not in excess of $8,500.00 for the purpose of constructing a drainage canal on the lands, that Holcomb should have a prior lien for the amount furnished.

Plaintiffs allege that no payments whatever had been made on the indebtedness and that the full amount was due. They asked for judgment and for a sale of the property covered by the chattel mortgage; and that the funds from the sale be applied on the indebtedness.

Defendants filed answer, claiming the notes were given for farm machinery, some of which was not delivered on time, and other items were

defective; that the defendants did not receive all the machinery in time to make a crop in the year 1950, out of the proceeds of the sale of which it was contemplated the notes would be paid; that plaintiffs put their deed of trust on record when they agreed not to do so; and that Holcomb refused to furnish the money to construct the drainage canal on account of the registration of the deed of trust; all of which the defendants allege was in violation of the agreement between the parties, resulting in the failure of the defendants to make a crop sufficient to pay the indebtedness, to the defendants' damage in the sum of $6,000.00, for which they make counterclaim and ask judgment.

The plaintiffs introduced the following stipulation: "It is stipulated between counsel for plaintiffs and defendants, the defendants being personally in court, that on May 20, 1950, defendants executed and delivered their three promissory notes, each in the sum of $1,000.00, becoming due and payable November 15, 1950, December 15, 1950, January 15, 1951, and one other note for $3,508.00, becoming due and payable January 15, 1951; all of said notes aggregating $6,508.00 are payable to R. F. Hall & Son, the plaintiffs, and bear interest from date at six per cent per annum, which said notes were offered in evidence by plaintiffs marked Plaintiffs' Exhibits A-1, A-2, A-3, and A-4; no part of said $6,508.00 has been paid, except $4,000.00, the net proceeds from the sale of the mortgaged personal property credited April 30, 1951; the balance due as of April 30, 1951 was $2,686.97, plus interest thereon from April 1951, at six per cent, which said notes were at all times owned by plaintiffs, payees, and secured by a chattel mortgage and a deed of trust to F. M. Powell, trustee, plaintiffs' Exhibit B, reading:" . . . (Here followed the introduction of the chattel mortgage and deed of trust.) "The value of the mortgaged personal property at the time it was seized by the sheriff and at the time he sold it was $4,000.00."

J. W. Christiansen, one of the defendants, testified as a witness. He admitted that when he ordered the machinery Mr. Hall did not say when the machinery would be delivered, that he (defendant) accepted it as it arrived, that part of the machinery was delivered by 10 or 15 June, and that delivery was completed by 1 July. He testified that the agreement was that the articles purchased would be delivered in time for 1950 bean crop and in case he didn't get the equipment in time, or if he had bad weather conditions, or both, Mr. Hall told him that they would go along with him on the payments and would give him an extension of time.

At the conclusion of all the evidence, Judge Martin peremptorily instructed the jury: "If you believe the evidence and find by the greater weight thereof that the balance due on these notes is $2,686.97, with interest, if you so find by the greater weight of all the evidence, it would be your duty to answer that issue in that amount." The jury answered

the issue of indebtedness as instructed and judgment was rendered for the plaintiffs for $2,686.97, from which the defendants appealed.

*Stevens, Burgwin & McGhee for plaintiffs, appellees.*
*Kellum & Humphrey and Wm. F. Jones for defendants, appellants.*

HIGGINS, J.   While the defendants allege an agreement on the part of the plaintiffs that the payment of the indebtedness should be out of crops to be grown, yet the evidence and stipulation entered into do not support the allegation.   All Mr. Christiansen said is that Mr. Hall agreed in the event the machinery was not delivered in time, or if weather conditions were bad, or both, the plaintiffs would not press for collection but would give an extension of time.   The time during which the plaintiffs were to forego their right to collect the notes is not mentioned.   A letter in the record shows that Mr. Christiansen asked that he be given until 1 April, 1951, so that he could make a sale of his property and pay his indebtedness to the plaintiffs.   There is no claim of an agreement as to how long the plaintiffs would forbear.   Actually, suit was not brought until the time requested by the plaintiffs had expired and more than two months after the last note was due.

The defendants allege, further, that Holcomb refused to advance the $8,500.00 to construct the drainage canal because plaintiffs' deed of trust was placed of record.   However, the deed of trust itself contains the stipulation that if Holcomb furnished the $8,500.00 for the drainage canal, he should have a prior lien.   There is no allegation or evidence that plaintiffs had any control over Holcomb or had anything to do with his failure to advance the money for the canal.

The defendant J. W. Christiansen offered to testify with respect to crop and weather conditions for the year 1950, his opportunity to obtain seed for a wheat crop, the suitability of the land for cultivating wheat, and the effect of failure to procure the construction of the drainage canal, all of which evidence was excluded on the plaintiffs' objection.   The defendants also excepted to the peremptory instruction that if the jury believed the evidence they would find for the plaintiffs.

Judge Martin evidently took the view that the written orders for the machinery, the notes, mortgage and deed of trust setting out the time and method of payment, constituted a contract in writing between the parties. And in the absence of evidence that the notes, mortgage and deed of trust were conditionally delivered, or that there was mutual mistake in drafting them, or fraud in procuring their execution, or a different mode of payment and discharge agreed upon, that parol testimony was inadmissible to vary or change the contract.   The evidence was properly excluded on the authority of the following cases: *Ins. Co. v. Morehead,* 209 N.C. 174,

183 S.E. 606; *Thomas v. Carteret County,* 182 N.C. 374, 109 S.E. 384; *Bank v. Rosenstein,* 207 N.C. 529, 177 S.E. 643; *Bowser v. Tarry,* 156 N.C. 35, 72 S.E. 74; *White v. Fisheries Products Co.,* 183 N.C. 228, 111 S.E. 182; *Dawson v. Wright,* 208 N.C. 418, 181 S.E. 264; *Walker v. Venters,* 148 N.C. 388, 62 S.E. 510.

The defendants accepted, retained and used the machinery without paying anything on the purchase price and without offering to return any part of it to the plaintiffs. Letters in the record show the defendants requested extension of time to make the payments and did not question the amount due until after suit was instituted and after all notes had been due for more than two months. The stipulation in the record admits the execution of the notes and the amount of the balance due in exact accordance with the amount found by the jury under the peremptory instruction of the court.

The record fails to show either basis for the defendants' counterclaim, or a defense to the action on the notes.

No error.