Green SHEPHERD and wife, Grace J. Shepherd

v.

DUKE POWER COMPANY.

Civ. No. 201-W.

United States District Court
M. D. North Carolina,
Wilkesboro Division.

April 11, 1956.

Jones & Ferree, North Wilkesboro, N. C., for plaintiff.

W. S. O.'B. Robinson, Jr., Carl Horn, Jr., Charlotte, N. C., for defendant.

HAYES, District Judge.

The plaintiff brought this action against the defendant to recover $3,500 in damages for a breach of contract for erecting over the lands of plaintiff the defendant's power lines. It is alleged that defendant agreed to pay plaintiff as much as it paid others for a right of way and also agreed not to erect light poles in such a way as to interfere with plaintiff's roads. The complaint made no allegation based on a written easement executed by plaintiffs nor of having received $300 in payment therefor.

The defendant denies making the contract alleged in the complaint and pleads the Statute of Frauds against it.

The defendant also pleaded the execution by plaintiffs, on August 12, 1954, of an easement in writing in consideration of $300, duly recorded, as the agreement under which it entered upon the lands of plaintiffs and erected its power lines. It also pleaded as a third defense that it paid plaintiffs $300 for the conveyance which was accepted by plaintiffs in full satisfaction. Supporting affidavits were filed by defendant on its motion for summary judgment. Plaintiff neither made oath to the complaint nor filed an affidavit denying the affidavits of defendant.

At the oral hearing on the motion at Wilkesboro during November term, 1955, plaintiffs by counsel conceded the execution of the option and the subsequent deed of conveyance, the acceptance of the consideration therein recited, but still contended that the plaintiffs were to be paid what other landowners got and certain oral agreements as to location of poles, etc., which contradict the conveyance. Plaintiffs admitted there was no other written contract.

■ It is manifest that plaintiffs cannot recover on an oral contract affecting the sale of an interest in land where the Statute of Frauds is pleaded as it has been here. N.C.G.S. § 22-2 specifically requires this type of conveyance to be in writing and signed by the party sued to be effective. Harvey v. Linker, 226 N.C. 711, 40 S.E.2d 202. An easement is an interest in land and must be in writing. Winston Brick Mfg. Co. v. Hodgin, 190 N.C. 582, 130 S.E. 330; Combs v. Brickhouse, 201 N.C. 366, 160 S.E. 355; Ebert v. Disher, 216 N.C. 36, 3 S.E.2d 301. Parol evidence is incompetent when the Statute of Frauds is pleaded. Jamerson v. Logan, 228 N.C. 540, 46 S.E.2d 561, 15 A.L.R.2d 1325; Duckett v. Harrison, 235 N.C. 145, 69 S.E.2d 176.

On August 6, 1954, the plaintiffs executed in writing an option to execute a contract of conveyance of the right of way in question with the form of conveyance attached thereto, to be executed if the option was exercised on or before Oct. 1, 1954, upon payment of $300. Thereafter on August 12, 1954, the option was exercised by defendant who paid plaintiffs the $300 according to the option and plaintiffs executed and delivered a warranty deed for the right of way, being 68 feet wide across the lands of plaintiffs. The voucher for the option in the sum of $5 was endorsed by J. G. Shepherd. The voucher for the subsequent conveyance in the sum of $300 was a printed form and said in large print, "In Settlement of" after which, in the handwriting of the one who filled out the voucher, were the words, "Right of Way."

■ The option and subsequent deed pursuant to the option became a final written contract concerning an interest in land and cannot be contradicted by parol evidence as to consideration or as to the other terms of the contract. The price is an essential element of the contract and if it can be varied or contradicted by parol there would be little use for the rule to exclude parol evidence to vary a written contract. Judge Denny in Harvey v. Linker, supra [226 N.C. 711, 40 S.E.2d 203], aptly stated the law which is applicable to the instant case: "A contract for the sale of land, or any interest therein, must fix the price. To permit the plaintiffs to establish by parol evidence a change as to one of the essential terms of the contract would open the door to 'all the mischiefs which the statute was intended to prevent'".

The plaintiffs rely on Jefferson Standard Life Insurance Co. v. Morehead, 209 N.C. 174, 183 S.E. 606, in which C. J. Stacy summarizes the exceptions to the rule against parol evidence contradicting or modifying written contracts. However, the facts here clearly exclude these contracts from each and all of the exceptions.

The plaintiff cannot recover on the verbal contract alleged in the complaint, nor can they contradict, vary or modify the written contract which they executed.

Hall v. Christiansen, 241 N.C. 393, 85 S.E.2d 308.

Under Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.A., the defendant is entitled to a summary judgment of dismissal for that plaintiffs in no event are entitled to recover. Kirkpatrick v. Consolidated Underwriters, 4 Cir., 227 F.2d 228.