PARRISH TIRE COMPANY v. ROBERT E. LEE MOREFIELD III

No. 7721DC210

(Filed 21 February 1978)

Contracts § 16— promissory note—condition precedent to payment—failure to show condition existed—no recovery on note

A promissory note executed by defendant and another to the order of plaintiff upon which defendant wrote, "Upon condition of no maturity date at all," before he signed it amounted to an agreement between the parties that defendant was not required to pay until he had the money to afford it, at which time he would if he could; therefore, because of defendant's agreement to pay only conditionally, the condition being that he should have the money to afford it, plaintiff was required to offer proof of defendant's ability to pay before plaintiff could recover in an action on the note.

APPEAL by plaintiff from *Alexander (Abner), Judge.* Judgment entered 1 November 1976 in District Court, FORSYTH County. Heard in the Court of Appeals 17 January 1978.

This is a civil action to recover $670.83, being one-half of the face amount of a promissory note executed by defendant and another to the order of plaintiff. Plaintiff alleged that one-half of the face amount of the note had been paid by the co-maker but that defendant had refused to pay the other half upon demand. Defendant answered and admitted execution and non-payment of the note by him but denied liability, pleading failure of consideration.

At trial before a jury, plaintiff introduced the original note into evidence without objection. This instrument, which was on a printed form, was dated "11-4-1968," was signed by defendant and one other person under seal, and recites that "For value received, at the time or times stated in the Schedule of payments herein," the makers "promise to pay to order of Parrish Tire Co.," the sum of $1341.66. In a blank space on the face of the note headed "Schedule of Payments" appear the handwritten words, "Upon condition of no maturity date at all," followed by defendant's signature.

Plaintiff's witnesses testified that the note represented a debt incurred by M & M Transport Co. to plaintiff on open account from 1967 to 1968 and that defendant and his co-maker executed the note to guarantee payment of that debt. C. C. Mertes, plaintiff's employee who obtained execution of the note, testified that defendant signed after writing the words "no maturity date" on the note and that he "understood the defendant's writing as meaning he would not pay until he had the money to afford it and would if he could."

At conclusion of plaintiff's evidence, the court granted defendant's motion for a directed verdict. From judgment dismissing the action, plaintiff appealed.

*House and Blanco by Robert Talley for plaintiff appellant.*

*Yeager and Powell by Edward L. Powell for defendant appellee.*

PARKER, Judge.

The note in suit was never transferred or negotiated, and we are here concerned only with the rights and obligations of the original parties. In determining these, we apply principles of law applicable to the interpretation and effect of contracts generally.

"Whenever a court is called upon to interpret a contract its primary purpose is to ascertain the intention of the parties at the moment of its execution." *Lane v. Scarborough*, 284 N.C. 407, 409-10, 200 S.E. 2d 622, 624 (1973). "The court will give legal effect to the words of a contract in accordance with the meaning actually given to them by one of the parties, if the other knew or had reason to know that he did so." 3 Corbin, Contracts § 543, at 140

(1960). In the present case plaintiff's evidence establishes that defendant gave the words which he wrote on the face of the note before signing it, "Upon condition of no maturity date at all," the meaning that defendant "would not pay until he had the money to afford it and would if he could." Plaintiff's evidence also establishes that plaintiff knew, at the time the contract was made, that defendant was giving this meaning to his words. Therefore, for purposes of passing on the trial court's ruling granting defendant's motion for a directed verdict, we accept plaintiff's evidence as establishing that the agreement between the parties at the time the contract was made was that defendant was not required to pay "until he had the money to afford it," at which time he "would if he could."

The parties have cited no decision of the appellate courts of this State, and our own research has disclosed none, which determines the legal effect of contract language requiring a party to pay only when "he had the money to afford it" or words of similar import. Courts of other jurisdictions, however, have been confronted with this problem. "In a majority of the states in which the question has arisen, and in Canada, it is held that a promise to pay when the promisor 'is able' is not an absolute but a conditional promise to pay; and that therefore the promisee, in order that he may recover on such a promise, must allege and prove ability of the promisor to pay the debt." Annot., 94 A.L.R. 721, 721 (1935). *Contra, Sanford v. Luce*, 245 Iowa 74, 60 N.W. 2d 885 (1953); *see* 5 Williston on Contracts, § 804 (3d ed. 1961). In our opinion the majority view more accurately reflects the actual intent expressed in such a promise. Defendant here did not agree to pay in any and all events; he agreed to pay only conditionally, the condition being that he should have the money to afford it. Such a condition became a condition precedent to his obligation to perform.

A condition precedent is a fact or event, " 'occurring subsequently to the making of a valid contract, that must exist or occur before there is a right to immediate performance, before there is a breach of contract duty, before the usual judicial remedies are available.' " *Cargill, Inc. v. Credit Assoc., Inc.*, 26 N.C. App. 720, 722-23, 217 S.E. 2d 105, 107 (1975), quoting 3A Corbin, Contracts § 628 at 16 (1960). The burden was on the plaintiff in this case to offer evidence in support of all essential elements to establish his

claim. The occurrence of the condition precedent was an essential element of plaintiff's case, and it was therefore incumbent upon plaintiff to offer proof of defendant's ability to pay. *Thomas v. American Radio and Television*, 228 Ark. 1050, 312 S.W. 2d 183 (1958); *Smith v. Graham Refrigeration Products Company*, 333 Mass. 181, 129 N.E. 2d 884 (1955); *American University v. Todd*, 39 Del. 449, 1 A. 2d 595 (Super. Ct. 1938).

No such proof was offered. Therefore, the trial court correctly granted defendant's motion for a directed verdict.

Affirmed.

Judges VAUGHN and ERWIN concur.