CAROLISTA C. FLETCHER v. BURTON H. JONES

No. 831SC873

(Filed 3 July 1984)

1. Judges § 1.1— judgment out of court and out of district

An entry of judgment out of court and out of district is proper only where permitted by statute or where the parties consent.

2. Vendor and Purchaser § 2— contract for sale of land—reasonable time for performance

As a general rule, a contract for the sale of land remains valid and binding for a reasonable time after the date set for closing unless the contract specifies an expiration date or clearly states that time is of the essence. What constitutes a "reasonable time" for performance depends on the nature of the contract, the purpose and conduct of the parties and all other relevant circumstances.

3. Vendor and Purchaser § 2— contract for sale of land—reasonable time for performance—question of fact and law

The issue of whether a reasonable time has elapsed for the performance of a contract to sell land presents a mixed question of fact and law to be decided by the trier of fact. However, where the facts of the case are simple, undisputed and can lead only to one conclusion, the issue presented becomes one of law which may be decided by the trial judge.

4. Vendor and Purchaser § 2.3— contract for sale of land—modification of closing date

An exchange of written, mutual promises to extend the closing date of a contract for the sale of land was binding upon the parties without further recitation of consideration. However, the vendor's unilateral, oral statements indicating his continuing willingness to convey the land as soon as his divorce became final were insufficient to constitute a valid second modification of the contract closing date.

5. Vendor and Purchaser § 2— contract for sale of land—reasonable time for performance—necessity for findings and conclusions

An action for specific performance of a contract for the sale of land must be remanded for further proceedings where the trial court made no adequate

findings of fact or conclusions of law concerning whether a reasonable time for performance of the contract had elapsed between the agreed closing date of 10 March and 24 September when the vendor attempted to terminate the contract.

### 6. Vendor and Purchaser § 5— contract for sale of land—specific performance— no entitlement to development costs

If it is determined that defendant vendor breached a contract for the sale of land, plaintiff purchaser would not be entitled to recover expenses incurred in preparation to develop the land in addition to obtaining specific performance, since to award plaintiff specific performance as well as compensation for development costs would place plaintiff in a better position than she would have occupied had defendant conveyed.

Judge BECTON dissenting.

APPEAL by defendant from *Stevens, Judge.* Judgment entered 18 March 1983 in DARE County Superior Court. Heard in the Court of Appeals 9 May 1984.

Plaintiff sought specific performance of a contract entered into on 18 August 1980, whereby defendant agreed to sell to plaintiff three lots located in Nags Head. The sale was subject to the condition that defendant first obtain either a divorce from his wife, or her consent to the sale. Closing date was set for 9 January 1981.

In its judgment, the trial court found that the following events and transactions occurred after the contract was signed. Defendant's wife refused to execute the deed and defendant was unable to obtain a divorce until 20 August 1981. Meanwhile, on 29 January 1981, the parties signed a written addendum to the contract, extending the closing date to 10 March 1981. Between 10 March and 4 August 1981 plaintiff and defendant spoke on several occasions and each time defendant assured plaintiff that his divorce would soon be final and that he intended to fulfill his contractual obligations. On 4 August 1981, when closing had still not taken place, defendant's attorney called plaintiff's attorney and indicated that defendant was still willing to sell the land. Plaintiff took no action. On 24 September 1981, defendant notified plaintiff by letter that he was withdrawing the offer to sell and returned the $1,000.00 in earnest money previously given him by plaintiff.

By letter dated 26 September 1981, plaintiff's attorney sent to defendant's attorney an executed note and deed of trust pur-

suant to the terms of the original contract. The letter also contained the $1,000.00 escrow check and a downpayment on the property. Defendant refused to convey the property, however, and thereafter plaintiff filed a notice of *lis pendens* against the land and brought suit for specific performance of the contract. Plaintiff also sought damages for expenses she incurred in making plans to develop the land. Defendant filed a counterclaim for damages incurred by reason of the cloud upon his title created by the notice of *lis pendens*.

After a non-jury trial, the trial court granted plaintiff's claim for specific performance of the contract, but denied both plaintiff's and defendant's claims for damages. From the grant of specific performance, defendant appeals. Plaintiff cross-appeals from the trial court's order denying her claim for damages.

*Aycock & Spence, by W. Mark Spence, for plaintiff.*

*Pritchett, Cooke and Burch, by W. W. Pritchett, Jr., for defendant.*

WELLS, Judge.

[1] We note at the outset that judgment in this case was entered out of court and out of district from the 24 January 1983 term of Dare County Superior Court. Such an entry of judgment is proper only where permitted by statute, or, as here, where the parties consent. *Utilities Commission v. State*, 243 N.C. 12, 89 S.E. 2d 727 (1955), *reh. denied*, 243 N.C. 685, 91 S.E. 2d 899 (1956).

Defendant contends that the trial court erred in ordering specific performance of the contract, because it had either lapsed or been rescinded as of 26 September 1981, when plaintiff attempted to convey the executed note and deed of trust to defendant. Plaintiff contends that the time for performance of the contract was extended on 29 January and 4 August and a binding agreement existed on 26 September 1981.

To determine whether a valid contract existed on 26 September 1981, we must examine the legal effect of the events occurring between August 1980 and September 1981. Under the agreement executed on 18 August, closing in the land sale was to be held on 9 January 1981. The sale was conditioned, however, on

defendant's ability to obtain a divorce from his wife or her consent to a deed by the closing date. This provision constitutes a condition precedent to the parties' obligation to perform under the contract. "Conditions precedent . . . are those facts and events, occurring subsequently to the making of a valid contract, that must exist or occur before there is a right to immediate performance, before there is a breach of contract duty . . ." 3A *Corbin on Contracts* § 628 (1960 & 1971 Supp.), *Tire Co. v. Morefield*, 35 N.C. App. 385, 241 S.E. 2d 353 (1978).[1] It is clear therefore that neither party was obligated to perform under the contract unless the condition precedent was met by the closing date.

**[2]** It is undisputed that as of 9 January 1981 the condition precedent had not occurred and the parties were not required to perform, but it does not follow that the contract expired immediately thereafter. As a general rule, a contract for the sale of land remains valid and binding for a reasonable time after the date set for closing, *Scarborough v. Adams*, 264 N.C. 631, 142 S.E. 2d 608 (1965), unless the contract specifies an expiration date, or clearly states that time is of the essence, *see Douglass v. Brooks*, 242 N.C. 178, 87 S.E. 2d 258 (1955). There is no showing, nor do the parties contend that time was of the essence or that a specific expiration date was set in the case at bar. What constitutes a "reasonable time" for performance depends upon the nature of the contract, the purpose and conduct of the parties and all other relevant circumstances, *United States v. 969.46 Acres of Land, Chatham Cty., N.C.*, 386 F. Supp. 793 (M.D.N.C. 1974), *aff'd*, 535 F. 2d 1251 (4th Cir. 1976) (defining reasonable time to exercise option contract). *See also Rodin v. Merritt*, 48 N.C. App. 64, 268 S.E. 2d 539, *disc. rev. denied*, 301 N.C. 402, 274 S.E. 2d 226 (1980).

**[3]** The issue of whether a reasonable time has elapsed normally presents a mixed question of fact and law to be decided by the trier of fact, *Colt v. Kimball*, 190 N.C. 169, 129 S.E. 406 (1925). Where the facts of the case are simple, undisputed and can lead only to one conclusion, however, the issue presented becomes one of law which may be decided by the trial judge. *Id.* After a

---

1. Some jurisdictions have abandoned the use of the terminology "condition precedent" and "condition subsequent" on the grounds that such labels obscure, rather than aid, analysis of the parties' intent. *See Restatement (Second) of Contracts* § 224 (1981).

reasonable time has elapsed, the contract is terminable at will by either party, upon reasonable notice to the other, *Fulghum v. Selma*, 238 N.C. 100, 76 S.E. 2d 368 (1953).

The problem before us thus becomes to determine what date the parties set for performance, as that is the date from which they had a reasonable time in which to perform under the contract.

[4]  We turn first to the agreement executed by the parties on 29 January 1981 purporting to extend the closing date to 10 March 1981. Contract terms may be validly modified where the modification has the consent of all parties and is supported by adequate consideration. *Corbin v. Langdon*, 23 N.C. App. 21, 208 S.E. 2d 251 (1974). Contracts for the sale of land must be in writing, N.C. Gen. Stat. § 22-2 (1965), and modifications of a land sale contract must also be written to be valid, *see Westmoreland v. Lowe*, 225 N.C. 553, 35 S.E. 2d 613 (1945). The undisputed facts in the case at bar show that the agreement of 29 January 1981 was in writing and was mutually agreed upon by the parties. Although the cases conflict somewhat, there is authority to support our position that an exchange of written, mutual promises to extend the duration of a contract for the sale of land is binding upon the parties without further recitation of consideration, *Childress v. Trading Post*, 247 N.C. 150, 100 S.E. 2d 391 (1957), 17 Am. Jur. 2d *Contracts* § 461 (1964), *but see Tile and Marble Co. v. Construction Co.*, 16 N.C. App. 740, 193 S.E. 2d 338 (1972). We hold, therefore, that the agreement executed by the parties on 29 January 1981 validly modified the contract and set 10 March 1981 as the new closing date.

Plaintiff contends, however, that defendant further modified the contract by virtue of his conversations with plaintiff between 10 March and 4 August 1981, indicating his continuing willingness to convey the land as soon as his divorce became final. The facts, as found by the trial court, show that these communications were oral and informal. There is no finding that either party intended to modify the terms of the existing contract, or that the parties exchanged mutual promises or other consideration. Under these circumstances, we hold that defendant's unilateral, oral statements were insufficient to constitute a valid modification of the

contract closing date.[2] The final, binding agreement between the parties thus provided for closing on 10 March 1981 and the parties had a reasonable time thereafter to fulfill their obligations under the contract.

[5] Nevertheless, defendant's conversations with plaintiff constitute some evidence of the parties' intent as to time for performance and are thus relevant to the question whether defendant acted within a reasonable time after the March closing date. Although the facts in the case before us are undisputed and relatively simple, they do not inevitably lead to a single conclusion concerning whether a reasonable time had elapsed when defendant attempted to terminate the contract. The question is therefore one for the trier of fact, considering all the circumstances of the case, *Colt v. Kimball, supra.* The trial court made findings of fact concerning the passage of time between the March closing date and the time of defendant's termination, but made no adequate findings of fact or conclusions of law concerning whether a reasonable time had elapsed. Because the trial court failed to apply the proper legal standard to the facts in reaching its judgment, the case must be remanded for further proceedings consistent with this opinion.

[6] We turn now to plaintiff's cross appeal for $40,400.00 in special damages incurred in reliance upon the land sale contract. In certain cases, special damages may be awarded in addition to specific performance if necessary to place a purchaser in the same position he or she would have occupied if no breach occurred. *See Winders v. Hill*, 141 N.C. 694, 54 S.E. 440 (1906), 71 Am. Jur. 2d *Damages* § 216 (1973). In the case before us, plaintiff incurred certain expenses as a result of her preparations to develop the land subject to the sales contract. While these expenses were incurred in reliance upon the contract, they are not attributable to defend-

---

2. Plaintiff points out that it has been held that a seller who orally requests an extension of the closing date under a land sale contract may not later avoid the contract by contending that the oral modification is void under the Statute of Frauds, *Johnson v. Noles*, 224 N.C. 542, 31 S.E. 2d 637 (1944). The rule of *Johnson* has been limited, however, to cases in which the party to be charged requested the extension and it was granted solely for his benefit, *Harvey v. Linker*, 226 N.C. 711, 40 S.E. 2d 202 (1946). In the case before us, it appears that both parties discussed extending time for performance under the contract and that the modification would benefit both plaintiff and defendant.

ant's breach, if any. These are expenses that plaintiff would have incurred had defendant conveyed his land to plaintiff. To award plaintiff specific performance as well as compensation for her development costs would be to place her in a better position than she would have occupied had defendant conveyed. We hold, therefore, that even if the trier of fact determines on remand that defendant breached the contract, plaintiff's claim for special damages must be denied.

Affirmed in part and remanded.

Judge JOHNSON concurs.

Judge BECTON dissents.

Judge BECTON dissenting.

Believing that defendant breached the contract and that plaintiff is entitled to specific performance, I dissent. *Harvey v. Linker*, 226 N.C. 711, 40 S.E. 2d 202 (1946) does not limit the application of *Johnson v. Noles*, 224 N.C. 542, 31 S.E. 2d 637 (1944) "to cases in which the party to be charged requested the extension and it was granted solely for his benefit," as suggested by the majority in n. 2, *supra.* On the contrary, the *Harvey* Court did not rule on the enforceability of an oral extension of the time for performance, which is mutually beneficial to the parties. *Johnson* controls the case *sub judice.*

The *Harvey* decision distinguished *Johnson* as a case dealing solely with the oral extension of the time for performance under the terms of an option contract, when "the extensions were . . . at the request and for the accommodation of the parties to be charged." 226 N.C. at 712, 40 S.E. 2d at 203. In *Johnson*, the defendant sellers orally agreed to extend the time for performance to avoid breaching the contract by failing to convey good title. Our Supreme Court refused to permit the defendant sellers, the parties to be charged, to assert the Statute of Frauds, after they had requested and benefited from the oral modification. The facts in *Harvey* are significantly different. There, the plaintiff buyers orally negotiated an extension of the time for performance *and* a reduction in the purchase price. The *Harvey* Court decided

the case on the basis of the oral modification of the purchase price alone. The Court declined to enforce the modification of the purchase price, because it dealt with an essential term of the contract, the price, and had been made solely for the benefit of the plaintiffs, rather than the parties to be charged, as in *Johnson*. The *Harvey* Court's silence on the issue of the oral modification of the time for performance leaves *Johnson* unimpaired. *See* 8A G. Thompson, *Real Property* § 4455, at 324 (1963).

The facts in the case *sub judice* are comparable to those in *Johnson*. Defendant seller was unable to convey good title by the expiration date of the original contract and the written extension. Defendant continued to orally assure plaintiff, between 10 March and 4 August 1981, that he intended to fulfill his contractual obligations. Plaintiff, in reliance on defendant's assurances, incurred substantial expenses in plans to develop the land. Clearly defendant benefited by his written and oral agreements to extend the time; he avoided the loss of a sale. He should not be permitted now to assert the Statute of Frauds to commit a fraud on the plaintiff. His oral extensions of the time for performance are valid, despite the Statute of Frauds.

I now decide how long the contract remained in effect. On 4 August 1981, defendant's attorney informed plaintiff's attorney that defendant had finally obtained a divorce and property settlement from his wife, the condition precedent to fulfilling the contract. Defendant's attorney stated that defendant was ready to close according to the terms of the original contract. No closing date was set at that time. On 24 September 1981, plaintiff's attorney received a letter from defendant's attorney declaring the contract void. As stated by the majority, generally "a contract for the sale of land remains valid and binding for a reasonable time after the date set for closing [citation omitted], unless the contract specifies an expiration date or clearly states that time is of the essence." *Supra*, p. 4. Unilateral termination of the contract at will, upon reasonable notice to the other party, is only possible a reasonable time after closing. *See Fulghum v. Town of Selma*, 238 N.C. 100, 76 S.E. 2d 368 (1953). In the case *sub judice*, the contract did not specify an expiration date or state that time was of the essence and, in the oral extensions, no date had been set for closing; therefore, not only was the contract in effect on 24 September 1981, but it could not be unilaterally terminated at will then.

By unilaterally terminating it at will on 24 September 1981, defendant breached the contract, and plaintiff is entitled to specific performance.

To the extent that specific performance may not have made plaintiff whole, the trial court may have erred in failing to award plaintiff damages. *See* E. Farnsworth, *Contracts* § 12.5, at 825-26 (1982). This, however, we cannot determine since the trial court failed to make findings of fact on the damages issue. I would remand for further findings of fact.