MOUNTAIN VIEW, INC. v. G. FRANK BRYSON

No. 8530SC499

(Filed 19 November 1985)

**Easements § 5; Registration § 1— disclaimer of easements by necessity—requirements of writing and registration**

> An agreement disclaiming an implied easement by necessity is within the purview of the statute of frauds and is thus not enforceable unless in writing and properly recorded in the county where the affected land lies. G.S. 22-2.

APPEAL by plaintiff from *Pachnowski, Judge.* Summary judgment entered 5 January 1985 in Superior Court, JACKSON County. Heard in the Court of Appeals 1 November 1985.

This is a civil action wherein plaintiff, Mountain View, Inc., seeks an easement by necessity across the property of defendant, G. Frank Bryson. The uncontradicted evidence shows the following: G. Frank Bryson owned a plot of land located in Jackson County, North Carolina. By deed dated 7 December 1965, Mr. Bryson conveyed a 35.25 acre portion of the plot to Marvin and Betty Henson. Although the 35.25 acre tract does not front on any public road and Mr. Bryson used a road through his main tract to gain access to the 35.25 acre tract, Mr. Bryson and Mr. Henson orally agreed that Mr. Henson would not use the road through Mr. Bryson's main tract to gain access to the 35.25 acre tract. Instead, Mr. Henson orally agreed with his cousin to construct an access road through his cousin's property. Mr. Henson constructed the access road and used it. In 1972 Mr. Henson sold his property. After a series of conveyances, plaintiff, Mountain View, Inc., purchased the 35.25 acre tract in December of 1972. On 12 September 1983, Mountain View instituted this action for a judicially declared easement over Mr. Bryson's main tract.

From summary judgment for defendant, plaintiff appealed.

*J. Edwin Henson for plaintiff, appellant.*

*Holt, Haire & Bridgers, P.A., by Ben Oshel Bridgers, for defendant, appellee.*

HEDRICK, Chief Judge.

There are three requirements for creation of an implied easement by necessity upon severance of title: 1) conveyance of a por-

tion of a tract of land by the owner of the entire tract; 2) before the conveyance takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest to show that it was meant to be permanent; and 3) the easement shall be necessary to the beneficial enjoyment of the land granted or retained. *Potter v. Potter*, 251 N.C. 760, 764, 112 S.E. 2d 569, 572 (1960). Mr. Bryson admits in his brief that these three requirements are met. He argues that no implied easement arises in this case because of the express oral agreement between himself and Mr. Henson that no easement would be created upon conveyance. We do not agree.

Easements are interests in land and fall within the scope of G.S. 22-2, the North Carolina Statute of Frauds. *Prentice v. Roberts*, 32 N.C. App. 379, 232 S.E. 2d 286, *disc. rev. denied*, 292 N.C. 730, 235 S.E. 2d 784 (1977). Oral agreements relating to an easement reached before the creation of the easement are not directly enforceable unless they are in writing. *Shepard v. Duke Power Co.*, 140 F. Supp. 27 (1956). In *Shepard* the plaintiff attempted to prove an agreement made before the conveyance of an easement which restricted the scope of the easement. The federal court, applying North Carolina Law, held that the statute of frauds barred plaintiff's evidence. We adopt and uphold the federal court's interpretation of North Carolina Law. We see no reason why the result in the present case should be different merely because the easement before us was created by implication rather than in writing. *See Miller v. Teer*, 220 N.C. 605, 18 S.E. 2d 173 (1942).

We therefore hold that an agreement disclaiming an easement by necessity is within the purview of the statute of frauds. Such an agreement is not directly enforceable unless in writing and duly and properly recorded in the county where the land affected lies.

Summary judgment for defendant is therefore reversed.

Reversed.

Judges WHICHARD and JOHNSON concur.