HOWARD R. WILLIAMS, PLAINTIFF-APPELLANT v. P. S. INVESTMENT COM-
PANY, INC. AND P. S. PRASAD AND INDRANI PRASAD, DEFENDANTS-
APPELLEES

No. 903SC669

(Filed 19 February 1991)

Bills and Notes § 20 (NCI3d) — payment of note conditional — un-
disputed evidence that condition not met — summary judgment
proper

> In an action to recover on a promissory note the trial
> court properly entered summary judgment for defendants where
> defendants' obligation to plaintiff was conditioned upon their
> receipt of payments under a note from third parties; the receipt
> of such payments was a condition precedent to defendants'
> obligation to make payments to plaintiff under the note in
> question; and there was no dispute that defendants were no
> longer receiving payments under the third party note.

Am Jur 2d, Bills and Notes §§ 175, 206.

APPEAL by plaintiff from order entered 10 May 1990 in PITT
County Superior Court by *Judge Frank R. Brown* granting defend-
ants' motion for summary judgment and denying plaintiff's motion
for summary judgment. Heard in the Court of Appeals 6 December
1990.

On 30 December 1980 defendant P. S. Prasad assigned to plain-
tiff Howard R. Williams a promissory note in the amount of $75,000.00
payable in unconditional monthly payments of $991.14. On 11 April
1983 a $200,000.00 promissory note was executed in favor of defend-
ant P. S. Prasad by Rajni and Dinesh Bhagat as partners in
R & D Development Co. Subsequently, in an assignment agreement
dated 1 August 1983, Howard R. Williams, Inc. assigned its right,

title and interest in the $75,000.00 promissory note to defendant P. S. Prasad in exchange for a partial interest in Prasad's $200,000.00 note. The assignment agreement in paragraph 3 provided that plaintiff's right to receive monthly payments was conditioned on the receipt by defendant of payments due on the $200,000.00 note:

> . . . That this Assignment shall be effective and the first payment of the said $991.14 shall be made commencing with the August payment to be made on August 1, 1983, and shall continue thereafter as and when said payments are received from the maker of said $200,000.00 Promissory Note. . . .

The assignment further provided in paragraph 7 that defendant P. S. Prasad had the right to subsequently purchase the interest in the $200,000.00 note assigned to Howard Williams, Inc. by issuing a promissory note signed by defendants P. S. and Indrani Prasad and payable in monthly installments of $991.14.

Pursuant to this option to purchase provision, on 30 December 1984, defendants P. S. and Indrani Prasad executed and delivered a promissory note in the amount of $53,499.90 whereby defendants promised to pay plaintiff seventy-two (72) equal monthly installments of principal and interest in the amount of $991.14 beginning on 30 January 1985. The second paragraph in the body of the $53,499.90 note reads:

> This note is executed pursuant to the term of a contract between Howard R. Williams and P. S. Prasad and the payments under this note will be paid on and when payments are received from the Dinesh Bhagat and Rajni Bhagat note of $200,000.00.

In January 1987 Rajni Bhagat and Dinesh Bhagat filed Chapter 11 Bankruptcy in the Middle District of North Carolina. From this time, the Bhagats made no payments to defendant P. S. Prasad on the $200,000.00 note and, in turn, defendants have made no payments to plaintiff on the $53,499.90 note.

On 28 August 1989 plaintiff brought this action to collect the remaining balance of the $53,499.90 note. Both plaintiff and defendants filed motions for summary judgment. In an order dated 10 May 1990 the trial court granted defendants' motion and denied plaintiff's motion. Plaintiff appeals.

**WILLIAMS v. P. S. INVESTMENT CO.**

[101 N.C. App. 707 (1991)]

*Ward and Smith, P.A., by Michael P. Flanagan, for plaintiff-appellant.*

*White and Allen, P.A., by John P. Marshall, for defendants-appellees.*

*[Subsequent to oral argument of this case, White and Allen were allowed to withdraw as counsel of record for defendants-appellees.]*

WELLS, Judge.

Plaintiff contends (1) that the $53,499.90 note was an unconditional promise to pay; or (2) if not, there remains a dispute of fact as to whether the parties to that note intended it to be conditioned on the receipt by defendants of payments under the $200,000.00 note. We cannot agree with either argument and therefore affirm the trial court's entry of summary judgment for defendants.

If the terms of a contract are plain and unambiguous, there is no room for construction and the contract will be enforced according to its terms. *Jones v. Realty Company*, 226 N.C. 303, 37 S.E.2d 906 (1946); *accord Parks v. Oil Co.*, 255 N.C. 498, 121 S.E.2d 850 (1961); *Olive v. Williams*, 42 N.C. App. 380, 257 S.E.2d 90 (1979). Defendants P. S. and Indrani Prasad did not agree to pay the $53,499.90 note unconditionally. Under the clear and unambiguous terms of that note, their obligation to plaintiff was conditioned upon their receipt of payments under the $200,000.00 note. The receipt of such payments by the Prasads became a condition precedent to their obligation to make the payments to plaintiff under the $53,499.90 note.

A condition precedent is a fact or event that must exist or occur before there is a right of performance and before there is a breach of contract duty. *Tire Co. v. Morefield*, 35 N.C. App. 385, 241 S.E.2d 353 (1978). The use of such words as "when," "after," "as soon as" and the like give clear indication that a promise is not to be performed except upon the happening of the stated event. *Jones, supra.* The use of the words "payment under this note will be paid on and when payments are received" [from the $200,000.00 note] give clear indication of a condition precedent.

There being no dispute that P. S. Prasad was no longer receiving payments under the $200,000.00 note, there remains no genuine

issue of material fact and defendants were entitled to judgment as a matter of law.

For the reasons stated, the judgment of the trial court is

Affirmed.

Judges JOHNSON and COZORT concur.