CARGILL, INCORPORATED v. NEUSE PRODUCTION CREDIT ASSOCIATION, INCORPORATED

No. 7511SC317

(Filed 6 August 1975)

**Contracts § 16— conditions precedent**

Where defendant credit association held notes executed by hog producers and secured by a lien on the hogs, plaintiff, defendant and the hog producers entered an agreement whereby plaintiff would advance feed to the hog producers, the producers would bring checks from the sale of their hogs to defendant and would sign a new note for the amount of the check, the checks would be credited to their account and a check for that amount reissued by defendant to plaintiff in payment for the feed, the execution of new notes by the hog producers was a condition precedent to defendant's obligation to reissue checks to plaintiff, and defendant is not liable for breach of the agreement to reissue the checks to plaintiff where the producers refused to execute new notes to defendant.

APPEAL by plaintiff from *Browning, Judge.* Judgment entered 21 January 1975 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 18 June 1975.

Plaintiff filed a complaint alleging that defendant had a note with F. W. and Lillie Wood secured by a lien on the Woods' hogs; that plaintiff and defendant entered a contract whereby plaintiff would advance feed to the Woods and defendant would, as payments were received from the Woods on its note, reissue checks in the same amount to plaintiff and that defendant received $5,300 in checks from the Woods, but refused to reissue checks to plaintiff. Defendant answered alleging the statute of frauds and lack of consideration as defenses and further denied plaintiff's allegations alleging that the agreement was actually to the effect that defendant would reissue checks in the amount of the Woods' payments only if the Woods would execute new notes to defendant in the same amount as the payments and that the Woods refused to execute new notes and insisted that their payments be credited to their account on the old note. Defendant filed a third-party complaint against the Woods for any liability it might incur.

At trial, plaintiff adduced evidence that prior to May 1971, it had been selling hog feed to the Woods on open account with a maximum allowable credit ceiling of $5,000.00 per month. In May, the Woods submitted requests for additional credit of $11,000 so as to enable them to "finish out" or "top off" the hogs. At that time plaintiff learned that defendant had a first lien on the hogs. Thereafter, plaintiff, through Robert S. Richardson, its District Manager, met with a Mr. Casey, a manager for defendant, to discuss how defendant could release proceeds from the sale of the hogs to pay for the feed bill. Richardson testified that in his conversation with Casey, Casey informed him that the Woods were delinquent in the account with defendant and that the only way defendant could help the plaintiff would be for him to be able to show that the Woods' account was kept current. Pursuant to Richardson's testimony, it was thereupon orally agreed ". . . that the Woods would bring the checks [from the sale of their hogs] to the Neuse Production Credit Association and that they would sign a note to Neuse Production Credit Association for exactly the amount as the check and the checks would then be credited to their account and a check reissued by Neuse Production Credit Association to Cargill for the identical amount." Richardson thereafter ap-

proved the increased credit, Cargill entered a security agreement with the Woods and supplied the Woods with $10,395.59 worth of additional feed. The Woods then sold some of their hogs and deposited checks totaling $5,300 with defendant to be paid on their account, but they refused to sign a new note to defendant. As a result, defendant refused to reissue checks in that amount to plaintiff whereupon plaintiff issued claim and delivery on the Woods' hogs and sold them, resulting in a deficit of "roughly $5,000.00" in the Woods' feed account with plaintiff.

After plaintiff's evidence, defendant moved for a directed verdict citing several grounds. The trial court allowed the motion and entered judgment for the defendant, from which plaintiff appealed.

*Robert A. Spence for the plaintiff.*

*L. Austin Stevens for the defendant.*

CLARK, Judge.

In its motion for directed verdict, defendant relied on a number of alternative grounds, one being that plaintiff failed to show that defendant had in any way breached the oral agreement. In this regard, defendant relies on the testimony of plaintiff's district manager who testified that defendant agreed to reissue checks only on the terms which defendant exacted which implicitly required that the Woods execute new notes to defendant before reissuing checks to the plaintiff. It is specifically argued that this was a condition precedent to defendant's obligation to reissue checks to plaintiff.

The plaintiff points out that conditions precedent are not favored by the law, *Jones v. Realty Co.*, 226 N.C. 303, 37 S.E. 2d 906 (1946), and that when operative words can be construed as a promise rather than a condition, there is a presumption in favor of promise. Nevertheless, ". . . the supposed presumption of promise rather than condition will not often be the decisive matter in a case. Such a presumption does not relieve the court of the necessity of interpretation; and the process of interpretation will usually be decisive without making use of this presumption." 3A Corbin, Contracts, § 635 at 38-9 (1960).

Conditions precedent ". . . are those facts and events, occurring subsequently to the making of a valid contract, that

must exist or occur before there is a right to immediate performance, before there is a breach of contract duty, before the usual judicial remedies are available." 3A Corbin, Contracts, § 628 at 16 (1960). On the other hand, one who makes a promise expresses an intention that some future performance will be rendered and gives the promisee assurance of its rendition.

Basically, two questions, then, are relevant to the issue to be decided: (1) Was the expression intended to be an assurance by one party to the other that some performance by the first would be rendered in the future and that the other could rely on it, or (2) was the expression intended to make the duty of one party conditional and dependent upon some other fact or event? If from the operative words of the agreement, the answer to the former question is in the affirmative, the words are that of promise. If the operative words suggest an affirmative answer to the latter question, the relevant performance, fact or event is a condition.

Of particular relevance to the agreement in the present case is Restatement of Contracts, § 260 (1932) which provides as follows:

"If in an agreement words that state that an act is to be performed purport to be the words of the person who is to do the act, the words are interpreted, unless a contrary intention has been manifested, as a promise by that person to perform the act. If the words purport to be those of a party who is not to do the act they are interpreted, unless a contrary intention has been manifested, as limiting the promise of that party by making performance of the act a condition."

In the three-party arrangement agreed upon by the plaintiff, defendant and the Woods in the defendant's office with regard to the method by which defendant could aid the plaintiff and the Woods in their hog feed account problem, it is apparent that the operative words by which defendant's performance in re-issuing checks would be triggered was the execution *by the Woods* of new notes to defendant. This arrangment enabled the defendant to credit the Woods' old account which showed a deficit while yet providing defendant with new security in the new notes. Consequently, the purported promise to perform the execution of new notes was that of the Woods and, as the agreement manifested, the defendant required that act before it would

reissue checks to plaintiff. That act, being under the volitional control of the Woods, was a condition to defendant's performance. See 3A Corbin, Contracts, § 638 (1960).

Finally, the non-occurrence of a condition will prevent the existence of a duty in the other party and will not create remedial rights unless that other party has promised that it would occur; and the only persons who could conceivably have promised execution of new notes were the Woods. We find that the execution of new notes was a condition precedent to defendant's duty to reissue checks to plaintiff and that no breach therefore is shown either in plaintiff's complaint or evidence. The action of the trial court in granting defendant's motion for directed verdict and entering judgment in accordance therewith is

Affirmed.

Judges MORRIS and VAUGHN concur.