CRAFTIQUE, INC.; BAKER FURNITURE, A DIVISION OF BAKER, KNAPP AND TUBBS, INC.; HECKMAN COMPANIES, A DIVISION OF BEATRICE FOODS CO.; HENREDON FURNITURE INDUSTRIES, INC.; AND STATESVILLE CHAIR CO. v. STEVENS AND CO., INC.; AND GEORGE B. STEVENS

No. 267PA87

(Filed 3 February 1988)

1. **Guaranty § 2— letter promising personal payment of debt upon dissolution of corporation—dissolution of corporation not condition precedent**

 The trial court correctly entered summary judgment for plaintiffs in an action based on a letter which plaintiffs claimed was a personal guaranty where the individual defendant wrote a letter to plaintiff creditors indicating that the corporation would be dissolved and that he would personally assume all obligations and debts of the company, but the corporation was never dissolved. There was no condition precedent because the letters did not contain any language plainly and clearly indicating that the dissolution of the corporation and the transfer of its assets were a condition precedent to defendant's guaranty; defendant should have anticipated that plaintiffs would construe the letters as promises of guaranty.

2. **Judgments § 55— guaranty action—prejudgment interest—from breach of guaranty contract**

 Prejudgment interest was properly awarded in a guaranty action from the date of the principal's breach rather than from the breach of the guaranty contract. N.C.G.S. § 24-5.

ON appeal of an unpublished decision of the Court of Appeals, 85 N.C. App. 348, 355 S.E. 2d 265 (1987), which reversed a judgment entered by *Ross, J.,* on 1 May 1986, in Superior Court, IREDELL County. Heard in the Supreme Court 12 November 1987.

*Stern, Graham and Klepfer, by James W. Miles, Jr., for the plaintiff appellant.*

*Homesley, Jones, Gaines & Fields, by Edmund L. Gaines and Clifton W. Homesley, for the defendant appellee George B. Stevens.*

MITCHELL, Justice.

The primary issue before us is whether the Court of Appeals erred in reversing the trial court's entry of summary judgment for the plaintiffs, Craftique, Inc. and Henredon Furniture Industries, Inc., on their claim for breach of a personal guaranty. We hold that the Court of Appeals erred in this regard and re-

verse its ruling. Further, we conclude that the trial court properly calculated and awarded interest on the amounts owed.

Craftique, Inc. and Henredon Furniture Industries, Inc. are in the business of manufacturing furniture and selling it to retail dealers. For several years they supplied the defendant Stevens & Co., Inc. furniture on an open account, and the corporation paid its bills regularly. In 1981, however, the defendant corporation fell behind in its payments.

On 19 February 1982 the corporation's president, the defendant George B. Stevens, sent the plaintiffs the following letter:

Gentlemen:

This letter is written to you to advise of a change being made in the financial structure of the retail furniture business being operated in Mooresville, North Carolina, under the name of Stevens and Company. All of the common stock in this corporation is owned by George B. Stevens.

This corporation is being dissolved under Section 337 of the Internal Revenue Code and this business will continue to operate as a sole proprietorship owned by George B. Stevens. All the assets of Stevens and Company will be transferred to George B. Stevens, individually, and George B. Stevens will personally assume all obligations and debts of Stevens and Company. Your position as a vendor of Stevens and Company will be strengthened by this change.

If you have any questions concerning the foregoing please feel free to contact me.

Yours very truly,

s/GEORGE B. STEVENS
George B. Stevens

Both Craftique and Henredon relied on the letter as a personal guaranty and continued to make shipments of furniture. When they did not receive payment, they filed this action against Stevens & Co. and George B. Stevens, individually, seeking to collect money owed.

[1] The plaintiffs sought relief on the theory that the letter was a personal guaranty by George Stevens that he would pay the

bills if the defendant company defaulted. The trial court entered summary judgment in favor of the plaintiffs. George Stevens appealed.

The Court of Appeals concluded that the letter was not clearly a guaranty, but even if it was, it included a condition precedent that had not occurred. That condition was that Stevens & Co. was to be dissolved and all assets transferred to George B. Stevens before he would become personally liable. Even by the time of trial, the condition had not occurred. The Court of Appeals reversed the trial court's summary judgment for the plaintiffs and remanded the case to the Superior Court, Iredell County, for entry of summary judgment for the defendants.

Craftique and Henredon petitioned this Court for discretionary review on the issue of whether the letters George Stevens sent to them included a condition precedent. We conclude that they did not and that they constituted his personal guaranty to pay the past, present, and future debts of Stevens & Co. A guaranty of payment is an absolute promise to pay the debt of another if the debt is not paid by the principal debtor. *Investment Properties v. Norburn*, 281 N.C. 191, 188 S.E. 2d 342 (1972). When the terms of a guaranty are clear and unambiguous, its meaning is a matter of law for the court. *North Carolina National Bank v. Corbett*, 271 N.C. 444, 156 S.E. 2d 835 (1967).

In *Cargill, Inc. v. Credit Assoc., Inc.*, 26 N.C. App. 720, 217 S.E. 2d 105 (1975), the Court of Appeals defined "conditions precedent" as

'those facts and events, occurring subsequently to the making of a valid contract, that must exist or occur before there is a right to immediate performance, before there is a breach of contract duty, before the usual judicial remedies are available.' 3A Corbin, Contracts § 628, at 16 (1960). On the other hand, one who makes a promise expresses an intention that some future performance will be rendered and gives the promisee assurance of its rendition.

*Cargill*, 26 N.C. App. at 722-23, 217 S.E. 2d at 107-108. Conditions precedent are not favored by the law. *Jones v. Palace Realty Co.*, 226 N.C. 303, 305-306, 37 S.E. 2d 906, 907-908 (1946). Absent plain language, a contract ordinarily will not be construed as containing

a condition precedent. *Construction Co. v. Crain & Denbo, Inc.*, 256 N.C. 110, 118, 123 S.E. 2d 590, 596 (1962). The use of language such as "when," "after," and "as soon as" clearly indicates that a promise will not be performed except upon the happening of a stated event, i.e., a condition precedent. *Jones*, 226 N.C. at 306, 37 S.E. 2d at 908. The letters from George Stevens to Henredon and Craftique did not contain any language plainly and clearly indicating that the dissolution of Stevens & Co. and the transfer of its assets to George Stevens were a condition precedent to his guaranty. Rather, the letters merely stated that the transaction would take place and that George Stevens would assume the obligations and debts of Stevens & Co.

Ordinarily, when such operative words can be construed as either a promise or a condition, the presumption is in favor of a promise. *Cargill*, 26 N.C. App. at 722, 217 S.E. 2d at 107. "In resolving doubts as to whether an event is made a condition of an obligor's duty, . . . an interpretation is preferred that will reduce the obligee's risk of forfeiture, unless the event is within the obligee's control or the circumstances indicate that he has assumed the risk." Restatement (Second) of Contracts § 227 (1979). Here, the control of the dissolution of Stevens & Co. and the transfer of assets to George Stevens were within his volitional control as sole shareholder of the company. The language of his letters conveyed a promise and not a condition.

In the analogous case of *Clear Fir Sales Company v. Carolina Plywood Distributors*, 13 N.C. App. 429, 185 S.E. 2d 737 (1972), the Court of Appeals affirmed the entry of summary judgment against an individual guarantor of a corporation's debt. The guarantor had sent the creditor a letter, which the trial court determined to be a guaranty as a matter of law. The Court of Appeals reasoned that the language of the letter must be given the construction that the guarantor should have anticipated it would be given by the creditor. We find that reasoning equally applicable in this case. Because George Stevens failed to use clear and plain language in his 19 February 1982 letters to create a condition to his assuming the debts and obligations of Stevens & Co., he should have anticipated that Craftique and Henredon would construe them as promises of guaranty. The trial court correctly interpreted the letters as letters of guaranty.

[2] The defendant George Stevens brings before this Court another issue, which the Court of Appeals did not address. He contends that the trial court's award of prejudgment interest to Henredon and Craftique was erroneous. He argues that he is liable for interest only from the date of demand for payment, which he contends was the date this action was filed, and not from the date of breach.

N.C.G.S. § 24-5 authorizes awards of interest on damages resulting from breach of contract from the date of the breach at the rate of interest provided in the contract, or at the legal rate if the parties have not agreed on their own rate. When interest is not made payable on the face of the instrument, payment of interest will be imposed by law in the nature of damages for the retention of the principal of the debt. *Security National Bank v. Travelers' Ins. Co.*, 209 N.C. 17, 182 S.E. 702 (1935). In the present case Henredon had an agreed interest rate in its contract; Craftique did not. Therefore, the trial court awarded interest at Henredon's contract rate for the debt owing to it and at the legal rate for the debt owing to Craftique.

George Stevens' agreements to "assume all obligations and debts of Stevens and Company" were guaranty agreements to pay the principal amounts of Stevens & Co.'s accounts with Henredon and Craftique, and to pay interest at the contract rate to Henredon and at the legal rate to Craftique for balances not paid within thirty days. The trial court's award of prejudgment interest on all amounts not paid by Stevens & Co. within thirty days from the date of invoice was not based on George Stevens' breach of his collateral guaranty contract, but was an element of the debt that Stevens had agreed to pay.

> A guarantor may be charged with interest on the principal sum either because: (1) interest was a part of the primary obligation and the guaranty contract, properly interpreted, guaranteed both the principal sum plus interest thereon; or (2) the guarantor did not pay the creditor the amount guaranteed as that amount became legally due under the guaranty contract and interest is properly chargeable, under applicable rule of law, on that amount. . . .

> Where interest is recoverable because it is part of the guaranteed underlying obligation, interest is generally allot-

ted on the sum guaranteed from the time of default of the principal. Where interest is recoverable because the guarantor has not paid the obligation which has matured and has become a primary obligation of the guarantor, interest is recoverable from the guarantor from the time of notice and demand.

38 Am. Jur. 2d *Guaranty* § 76, at 1081-82 (1968).

We conclude that the trial court properly entered summary judgment against George Stevens for interest on the principal amounts owed by Stevens & Co., at the contract rate for Henredon and at the legal rate for Craftique, on all amounts not paid within. thirty days of the date of the invoice. These interest awards were proper because George Stevens had guaranteed interest as well as principal amounts owed by Stevens & Co. and not as a result of his breach of the guaranty contract. Therefore, interest was properly chargeable from the date of Stevens & Co.'s breach, rather than from the date of demand and notice to George Stevens.

We hold that summary judgment in favor of the plaintiffs, Henredon and Craftique, was proper because there are no genuine issues of material fact, and these plaintiffs are entitled to judgment as a matter of law. N.C.G.S. § 1A-1, Rule 56 (1983). George Stevens' 19 February 1982 letters to Henredon and Craftique were unconditional guaranty contracts to pay all of Stevens & Co.'s debts and obligations to these plaintiffs, including interest. The opinion of the Court of Appeals is reversed, and the case is remanded to that court for reinstatement of the trial court's summary judgment in favor of the plaintiffs.

Reversed and remanded.