**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-1224**

RED APPLE DEVELOPMENT, LLC,

Plaintiff – Appellee,

v.

RUFUS ROAD PARTNERS, LLC,

Defendant – Appellant.

**No. 22-1346**

RED APPLE DEVELOPMENT, LLC,

Plaintiff – Appellant,

v.

RUFUS ROAD PARTNERS, LLC,

Defendant – Appellee.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Senior District Judge.  (3:19-cv-00157-GCM-DCK)

Argued:  May 8, 2024                                        Decided:  July 19, 2024

Before NIEMEYER, RUSHING, and HEYTENS, Circuit Judges.

———————————

Affirmed by unpublished opinion.  Judge Rushing wrote the majority opinion, in which Judge Heytens joined.  Judge Niemeyer wrote a dissenting opinion.

———————————

**ARGUED:**  John Robert Buric, JAMES, MCELROY & DIEHL P.A., Charlotte, North Carolina, for Appellant/Cross-Appellee.  Dylan Michael Bensinger, MCGUIREWOODS LLP, Charlotte, North Carolina, for Appellee/Cross-Appellant.  **ON BRIEF:** Preston O. Odom, III, John R. Brickley, JAMES, MCELROY & DIEHL P.A., Charlotte, North Carolina, for Appellant/Cross-Appellee.  Brian Kahn, Zachary L. McCamey, MCGUIREWOODS LLP, Charlotte, North Carolina, for Appellee/Cross-Appellant.

———————————

Unpublished opinions are not binding precedent in this circuit.

RUSHING, Circuit Judge:

A jury found that Rufus Road Partners, LLC (Rufus Road) breached its contract with Red Apple Development, LLC (Red Apple) by failing to close on a real estate transaction. After trial, Rufus Road moved for judgment as a matter of law, which the district court denied. We agree with the district court that the contract does not unambiguously contradict the jury's verdict. Accordingly, we affirm.

I.

In 2018, Rufus Road and Red Apple entered into an Agreement for Purchase and Sale regarding a parcel of land in Lincoln County, North Carolina. The Agreement set forth a timeline for the transaction. First, the buyer, Red Apple, would make an initial deposit of $50,000 with the escrow agent within five days of the Agreement going into effect. Red Apple then had a 90-day due diligence period in which to assess the property's suitability for its intended use. If Red Apple did not terminate the Agreement during that time, then Red Apple had three days after expiration of the due diligence period to make an additional deposit of $200,000. If Red Apple did not timely deliver the additional deposit to the escrow agent, then Rufus Road had the option to terminate the Agreement any time before Red Apple belatedly paid the additional deposit. The Agreement specified that the closing date would be the earlier of (1) ten days after Red Apple provided Rufus Road written notice of its intent to close or (2) thirty days after expiration of the due diligence period.

The transaction began smoothly enough. The Agreement went into effect on September 10, and Red Apple delivered the initial deposit to the escrow agent before the

3

September 15 deadline.  Before the due diligence period's December 10 expiration date, Red Apple informed Rufus Road on December 6 that it intended to close the transaction within ten days.  On Sunday, December 16 and Monday, December 17, Red Apple was ready, willing, and able to close the transaction, but the parties did not close.

A month later, on January 16, 2019, Rufus Road informed Red Apple that it was terminating the Agreement because Red Apple had not timely paid the additional deposit. Two days after receiving this notice, Red Apple deposited the additional $200,000 with the escrow agent, informed Rufus Road, and contested termination of the Agreement.  The parties never closed the transaction.

Red Apple subsequently sued Rufus Road for breach of contract.  At trial, Red Apple argued that Rufus Road breached the Agreement by failing to close the transaction in December 2018 (after Red Apple gave notice of its intent to close) and again in January 2019 (after Red Apple paid the additional deposit).  Rufus Road contended it was not required to close in December 2018 because Red Apple did not pay the additional deposit within three days of the due diligence period's expiration, and it was not obligated to close in January 2019 because it terminated the Agreement before Red Apple paid the additional deposit.  The jury sided with Red Apple, finding that Rufus Road had breached the Agreement and owed Red Apple $200,000 in damages.

After the verdict, Rufus Road renewed its prior motion for judgment as a matter of law, arguing that it had no obligation to close the transaction because Red Apple failed to timely pay the additional deposit, which was a condition precedent to Rufus Road's obligations under the Agreement.  The district court denied the motion.  After considering

4

the terms of the Agreement and the trial evidence, the court concluded the Agreement was ambiguous as to what obligations the parties bore after Red Apple missed the deadline for timely paying the additional deposit, and a jury reasonably could have resolved the ambiguity in Red Apple's favor and found Rufus Road breached the contract. Rufus Road appealed.

## II.

We review the denial of judgment as a matter of law de novo. *Fontenot v. Taser Int'l, Inc.*, 736 F.3d 318, 332 (4th Cir. 2013). Judgment as a matter of law may be granted after a jury verdict "only if, viewing the evidence in a light most favorable to the non-moving party (and in support of the jury's verdict) and drawing every legitimate inference in that party's favor, the only conclusion a reasonable jury could have reached is one in favor of the moving party." *Drummond Coal Sales, Inc. v. Norfolk S. Ry. Co.*, 3 F.4th 605, 610 (4th Cir. 2021) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 50(b). To prevail, Rufus Road "must show that there could be no breach of the Agreement under *any* reasonable theory." *Drummond Coal Sales*, 3 F.4th at 610.

Under North Carolina law, which governs this dispute, "a breach of contract occurs when a party fails to perform a contractual duty which has become absolute." *Salvaggio v. New Breed Transfer Corp.*, 564. S.E.2d 641, 644 (N.C. Ct. App. 2002). When a duty is contingent upon a condition precedent, that condition "must occur before a contractual right arises." *Powell v. City of Newton*, 703 S.E.2d 723, 727 (N.C. 2010) (internal quotation marks omitted); *see also Craftique, Inc. v. Stevens & Co.*, 364 S.E.2d 129, 131 (N.C. 1988) (defining conditions precedent as "those facts and events, occurring

5

subsequently to the making of a valid contract, that must exist or occur before there is a right to immediate performance, before there is a breach of contract duty, before the usual judicial remedies are available" (internal quotation marks omitted)). Rufus Road argues it could not have breached the Agreement by failing to close in December 2018 or January 2019 because Red Apple undisputedly failed to timely pay the additional deposit by December 13, which was a condition precedent to any further performance by Rufus Road.

The relevant paragraph of the Agreement states as follows:

> In the event Buyer does not terminate this Agreement during the Due Diligence Period, as hereinafter defined, Buyer shall, no later than three (3) days after the expiration of the Due Diligence Period, deliver wired funds to the Escrow Agent in the amount of [$200,000] (the "**Additional Deposit**"), which, when deposited, shall be referred, collectively with the Initial Deposit, as the "**Deposit**"). The timely delivery of the Additional Deposit is a condition precedent to Seller's obligations under this Agreement. If Buyer fails to timely deliver the Additional Deposit as provided herein, Seller may terminate this Agreement by giving Buyer notice of termination at any time prior to payment of the Additional Deposit and the Escrow Agent shall immediately deliver the Initial Deposit to Buyer and thereafter neither party will have any further rights or obligations under this Agreement except as set forth to the contrary in this Agreement.

J.A. 37.

At first blush, Rufus Road's interpretation appears correct. This paragraph clearly states that Red Apple's "timely delivery" of the additional deposit is "a condition precedent" to Rufus Road's "obligations under this Agreement." Red Apple failed to "timely deliver" the additional deposit by December 13, so Rufus Road contends it had no obligations under the Agreement, and specifically no obligation to close the transaction on December 16 or 17.

6

But on closer inspection, this paragraph contains an ambiguity. After the sentence calling Red Apple's "timely delivery" of the additional deposit a "condition precedent" to Rufus Road's obligations, the paragraph goes on to imply the parties have continuing obligations in the event timely payment does not occur. The Agreement does not terminate automatically, but Rufus Road then "may terminate" the Agreement "at any time *prior to payment* of the Additional Deposit." J.A. 37 (emphasis added). This sentence implies that Rufus Road has continuing obligations if Red Apple makes *untimely* payment of the additional deposit, despite the condition precedent language earlier in the paragraph. And that raises questions about what duties the parties have while the Agreement remains in force after the deadline for timely payment has passed. We agree with the district court that the Agreement is ambiguous about whether Red Apple's failure to timely pay the additional deposit voided all of Rufus Road's obligations or whether the parties still had some duties under the Agreement after the deadline for timely payment passed. In other words, there is ambiguity about whether timely payment of the additional deposit is truly a condition precedent to all of Rufus Road's obligations.

Under North Carolina law, "when either the meaning of words or the effect of provisions is uncertain or capable of several reasonable interpretations," "interpretation of the contract is for the jury." *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 723 S.E.2d 744, 748 (N.C. 2012) (internal quotation marks omitted). As the district court observed, "there is evidence in the trial record to support both parties' constructions of this ambiguous provision." *Red Apple Dev., LLC v. Rufus Rd. Partners, LLC*, No. 3:19-cv-00157-GCM-DCK, 2022 WL 567844, at *5 (W.D.N.C. Feb. 24, 2022). Accordingly,

7

the jury could reasonably conclude the parties had obligations under the Agreement notwithstanding Red Apple's failure to deliver the additional deposit by December 13. On appeal, Rufus Road does not contest that, if the jury could reasonably interpret the Agreement this way, then it could also reasonably find that Rufus Road breached the Agreement by failing to close the transaction in December 2018. That is sufficient to resolve this appeal.

## III.

The jury interpreted the Agreement in favor of Red Apple. Because the Agreement does not unambiguously require Rufus Road's interpretation, we affirm the district court's denial of Rufus Road's renewed motion for judgment as a matter of law. We dismiss Red Apple's conditional cross appeal. The judgment of the district court is

*AFFIRMED.*

NIEMEYER, Circuit Judge, dissenting:

Under the parties' contract, Red Apple Development was required to make an additional deposit of $200,000 by December 13, 2018, if it wanted to proceed with the purchase. The contract clearly states that Red Apple's "timely delivery" of the additional deposit was "a condition precedent" to Rufus Road Partners' "obligations under [the] Agreement" and that if Red Apple "fail[ed] to timely deliver" the additional deposit, then Rufus Road could "terminate [the] Agreement by giving [Red Apple] notice of termination at any time prior to payment of the Additional Deposit." Here, not only did Red Apple fail to deliver the additional deposit by December 13, but it is also undisputed that it did not do so until January 18, 2019, which was two days *after* Rufus Road had informed Red Apple that it was terminating the Agreement. Yet, in the face of the clear application of the contract to those undisputed facts, the jury found that Rufus Road breached the contract by failing to proceed with the sale and returned a verdict for Red Apple. I would reverse the district court's denial of Rufus Road's motion for judgment as a matter of law and therefore respectfully dissent.