JOHN Q. A. WOOD ET AL. V. W. J. WOODLEY AND A. C. STOKES.

(Filed 11 September, 1912.)

1. Deeds and Conveyances—Easements—Appurtenant to Lands— Rights of Way.

When a deed to lands also conveys to the grantee and his heirs and assigns a right of ingress and egress of a specified width over the remaining part of the owner's land to a street, the easement thus conveyed is appurtenant to the land, not in gross, and inures only to the grantee, his heirs and assigns, as owners and occupants of the lands conveyed.

2. Same—Easements in Gross—Injunction.

One who is not the owner of lands appurtenant to which a right of way has been conveyed, and claims under a deed purporting to convey the right in gross, and intends presently to use and enjoy it, may be restrained from doing so.

APPEAL by defendant from restraining order of *Bragaw, J.,* at chambers; from PASQUOTANK.

Civil action heard on return to preliminary restraining order. The restraining order was continued to the hearing, and defendant excepted and appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Hoke.*

*Ward & Thompson for plaintiff.*
*W. A. Worth and E. F. Aydlett for defendants.*

HOKE, J. On the hearing it was made to appear that on 8 May, 1899, one Wiley N. Gregory owned a parcel or lot of land in Elizabeth City, N. C., abutting on the south on Matthews Street, and on said day he conveyed to W. J. Broughton and wife the northern portion of this lot to the amount of one

160—2

acre.   The deed, after describing and conveying the acre in question, contained the following: "Together with the right of ingress and egress for the space of 20 feet wide along the Riggs line to Matthews Street"; the habendum being as follows: "To have and to hold the said lot of land as follows, with the right and privileges thereto belonging, to the said William J. Broughton and his heirs and assigns forever"; and on 28 March, 1900, said Broughton and wife conveyed said acre of land by apt words to defendant W. J. Woodley, this deed containing the same stipulation for ingress and egress with habendum, as follows: "To have and to hold the aforesaid land, etc., together with all improvements, privileges, and appurtenances thereto belonging, to the said W. J. Woodley and his heirs and assigns," etc.

That on 11 November, 1904, said W. N. Gregory conveyed the southern portion of the aforesaid land to one Joseph A. Byrum, subject to the above right of way, and on 1 September, 1908, said Byrum conveyed said southern portion to plaintiff, subject to the same right of way, etc.

That on 16 February, 1912, defendant A. C. Stokes owned a parcel or lot of land adjoining the acre conveyed by Gregory to Broughton and from Broughton to Woodley, and on said date said Woodley undertook to convey to A. C. Stokes, owning and occupying this adjoining lot, the right to use and enjoy the right of way created and conveyed by said deeds of Gregory and Broughton in terms as follows: "Do bargain, sell, give, grant, and convey unto the party of the second part, his heirs and assigns, a right of way over and along the southwest corner of the property purchased by said W. J. Woodley from W. J. Broughton and wife, said right of way to be 20 feet wide east and west, and 40 feet long north and south, together with the right of ingress and egress over and along a 20-foot alley leading from Matthews Street to the property described above, along the eastern side of the Riggs land, in so far as the parties of the first part have authority to convey; and for further reference see deed to said W. J. Woodley from W. J. Broughton and wife, recorded in Book 21, page 644, register of deeds' office for Pasquotank County."

It was further alleged and admitted that said defendant A. C. Stokes intended presently to use and enjoy said way, claiming the right to do so under said deed from his codefendant, Woodley.

Upon these facts the restraining order was properly continued to the hearing. The deeds from Gregory to Broughton and from Broughton to Woodley conveyed the land therein described and a right of way over the remaining portion of the tract to Matthews Street. It was, however, a right of way appurtenant to the land conveyed, inuring to Woodley, his heirs and assigns, as owners and occupants of said land, and not otherwise: *Provided,* that even as to them the burden could not be unduly increased. "It may accordingly be stated as a general principle that if an easement has become appurtenant to an estate, it follows every part of the estate into whatever hands the same may come by purchase or descent, *'Quacumque servitus fundo debetur, omnibus ejus partibus debetur':  Provided,* the burden upon the servient estate is not thereby increased." Washburne on Easements (3d Ed.), p. 36. This being the extent of his right over plaintiffs' lands, Woodley had no power to convey to Stokes either a right of way in gross or a right of way appurtenant as owner of an entirely distinct and separate parcel of land.

In Jones on Easements the doctrine is stated as follows:

"Sec. 28. An appurtenant easement cannot be conveyed by the party entitled to it separate from the land to which it is appurtenant. It can be conveyed only by a conveyance of such land. It adheres in the land and cannot exist separate from it. It cannot be converted into an easement in gross." And further, at section 360: "One having a right of way appurtenant to certain land cannot use it for the benefit of other land to which the right is not attached, although such other land is within the same inclosure with that to which the easement belongs. Except for this rule the burden upon the servient estate might be increased at the pleasure of the owner of the dominant estate. This rule is, therefore, applicable whether the way was created by grant, reservation, prescription, or as a way of necessity. In either case the way is created by grant, either

express, presumed, or implied. The way is granted for the benefit of the particular land, and its use is limited to such land. Its use cannot be extended to other land, nor can the way be converted into a public way without the consent of the owner of the servient estate."

The deed of W. J. Woodley, therefore, conveyed to defendant Stokes no right of way over plaintiffs' land.

On the facts as they now appear, the threatened exercise of such right was properly enjoined. 23 A. and E. (2d Ed.), p. 35.

There is no error, and the judgment continuing the restraining order to the hearing is

Affirmed.