H. CLIFTON STEWART, SR. v. JOE W. MARANVILLE AND WIFE, BETTY H. MARANVILLE, JOE MARANVILLE CAMPERLAND, INC.

No. 8121SC983

(Filed 6 July 1982)

Contracts §§ 16, 27.1— agreement to repay loan—no condition precedent

In an action to recover funds loaned by plaintiff to defendants for the purpose of preventing foreclosure of defendants' property, summary judgment was properly entered for plaintiff where the materials before the court were insufficient to establish a condition precedent to defendants' obligation to repay the loan but showed an agreement between the parties that plaintiff was to be repaid from the proceeds of a sale of the property and that defendants had sold the property.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 21 May 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals 29 April 1982.

This is an action to recover funds allegedly loaned by plaintiff to defendants for the purpose of preventing foreclosure of defendants' property. From summary judgment for plaintiff in the amount of $59,885.57, defendants appeal.

On 17 November 1978, plaintiff gave defendants a check for $50,000 for the purpose of helping the defendants prevent an impending foreclosure against real estate owned by Joe Maranville Camperland, Inc. In addition, plaintiff made three mortgage payments of $3,295.19 each on defendants' behalf.

On 2 August 1979, defendants sold the Camperland property to a third party, Mr. Satterfield. According to defendants, Satterfield agreed to pay the indebtedness on the property, and the mortgage on the Maranvilles' home, as well as other indebtedness of the defendants. In addition, the plaintiff was to be paid $60,000, and the Maranvilles were to receive $25,000 in cash. Satterfield made all of the payments allegedly agreed upon except that to plaintiff.

Following the sale of the Camperland property, plaintiff brought this action to recover the $59,885.57 he had advanced to defendants. Plaintiff alleged that this amount had been paid pursuant to a loan agreement by which plaintiff was to be the first of defendants' creditors repaid from the proceeds of sale of the Camperland property. Defendants admitted receipt of the amount set forth by plaintiff, but denied liability for repayment of the funds.

Defendants' depositions and affidavit tended to show that plaintiff had made the payments as an act of friendship because Mr. Maranville was ill and in financial difficulty. Defendants denied existence of an agreement that plaintiff was to be a priority creditor, but admitted having a financial obligation to plaintiff "from a humanitarian standpoint."

The trial court granted plaintiff's motion for summary judgment. Defendants appeal.

*Wyatt, Early, Harris, Wheeler & Hauser, by A. Doyle Early, Jr., for plaintiff appellee.*

*House, Blanco, Randolph & Osborn, by Clyde D. Randolph, Jr., and Mary Ward Root, for defendant appellants.*

ARNOLD, Judge.

The issue brought before this Court on appeal is whether the trial court properly granted summary judgment against defendants. Defendants bring forth several arguments in support of their contention that summary judgment should have been denied.

Defendants first argue that plaintiff's complaint alleges only the existence of a conditional obligation to pay, and that the record contains no evidence of the happening of the condition precedent. We find no merit in this argument.

It is well established that conditions precedent are disfavored by the law. Only where the clear and plain language of the agreement dictates such construction will a term be viewed as a condition precedent to performance of a contractual obligation. *Parrish Tire Co. v. Morefield*, 35 N.C. App. 385, 241 S.E. 2d 353 (1978). Absent clear language to the contrary, no contract

term will be construed as a condition precedent to an obligation to pay for services rendered. *Electrical Co. v. Construction Co.*, 12 N.C. App. 63, 182 S.E. 2d 601 (1971). Similarly, we refuse to find a condition precedent to the obligation to repay a loan unless the conclusion that the parties so intended is inescapable. The intent of the parties here is not so clear as to dictate such a result.

We determine that the pleadings, depositions and affidavits before the trial court established as a matter of law the existence of an enforceable agreement between the parties. Therefore we do not reach the parties' arguments with regard to equitable grounds for recovery.

We also reject defendants' contention that plaintiff is not the real party in interest. Although the check was drawn on his corporate account, it is undisputed that plaintiff personally absorbed the liability for the loan.

Our review of the record reveals no triable issue of material fact. Accordingly, the summary judgment appealed from is

Affirmed.

Judges VAUGHN and MARTIN (Robert M.) concur.