LAWRENCE Y. FROST AND WIFE, HELEN M. FROST v. J. F. ROBINSON, WIL-
   LAREE B. ROBINSON, WILLIAM F. BERTHIEZ, AND BRIGITTE ERD-
   MANN BERTHIEZ

No. 8424SC1097

(Filed 20 August 1985)

**Easements § 3— driveway—appurtenant easement**
    The trial court correctly entered summary judgment for plaintiffs and cor-
rectly enjoined defendants Robinson from using or interfering with the use of
any part of a 20-foot alley or driveway where the center line of the driveway
was the property line between two lots owned by plaintiffs and two lots owned
by defendants Berthiez, defendants Robinson owned a tract behind defendants
Berthiez and were undertaking to convert it into a 23-unit housing develop-
ment, the Berthiezes deeded to the Robinsons a 30-foot wide easement on the
entire western boundary of their lots, including the western half of the 20-foot
wide driveway, and the Robinsons had begun to use and alter parts of the
driveway in attempting to construct a roadway along it to their housing
development. The driveway was created for the stated purpose of serving the
four lots owned by the plaintiffs and defendants Berthiez and was an appurte-
nant easement which could not be conveyed separately from the land to which
it was appurtenant.

   APPEAL by defendants Robinson from *Saunders, Judge.* Judg-
ment entered 9 March 1984 in Superior Court, MADISON County.
Heard in the Court of Appeals 10 May 1985.

   *Harrell and Leake, by Larry Leake, for plaintiff appellees.*

   *Briggs and Ball, by Bruce B. Briggs, for defendant ap-
pellants.*

   PHILLIPS, Judge.

   This suit challenges the right of the defendants Robinson to
use, or interfere with the use of, any part of a 20-foot wide alley
or driveway, the center line of which is the property line between
two lots owned by the plaintiffs and two lots owned by the de-
fendants Berthiez. The driveway starts at a public street and
extends along the common boundary line—the eastern side of
plaintiffs' property and the western side of the Berthiez proper-
ty—a distance of approximately 366 feet. The lots, acquired by
plaintiffs and the defendants Berthiez at different times between
1975 and February, 1981, came to them from or through a com-

mon source, and each deed received contains a provision relating to the driveway similar to the following:

> ALSO conveyed appurtenant to the above described tract of land is a perpetual easement for a roadway a width of 20 feet, extending 10 feet on each side of the Northwest margin of the above described tract of land. This easement is to be jointly used and maintained by Grantees herein and the adjoining landowners to the easement, their heirs and assigns.

Immediately behind the lots of the defendants Berthiez is a tract of land owned by the defendants Robinson, who are undertaking to convert it into a 23-unit housing development. The tract has no access to a public street and in August, 1981 the Berthiezes deeded to the Robinsons a 30-foot wide easement along the entire western boundary of their lots, 10 feet of which is the western half of the 20-foot wide alley or driveway earlier created. The purported easement runs from the public street to the northern boundary line of the Robinsons' property; and in attempting to construct a roadway along it to their housing development the Robinsons began to use and alter parts of the alley or driveway and plaintiffs sued to enjoin them. Thereafter, the defendants Robinson moved for summary judgment and upon the motion being heard the court entered summary judgment for the plaintiffs and permanently enjoined the Robinsons from using or interfering with the use of any part of the 20-foot alley or driveway.

The judgment appealed from is in accord with long-established law and we affirm it. The alley or driveway in question, created for the stated purpose of serving only the four lots owned by the plaintiffs and defendants Berthiez, is an *appurtenant* easement, which cannot be conveyed separate from the land to which it is appurtenant. *See* Black's Law Dictionary 599 (rev. 4th ed. 1968); *Davis v. Robinson*, 189 N.C. 589, 127 S.E. 697 (1925). An appurtenant easement adheres to the land, cannot exist separate from it, and can be conveyed only by conveying the land involved; its use is limited to the land it was created to serve and cannot be extended to other land or other landowners without the consent of all owners of the easement. *Wood v. Woodley*, 160 N.C. 17, 75 S.E. 719 (1912). Thus, the defendants Robinson have no interest in the appurtenant easement and have been properly enjoined from interfering with it; for the defendants Berthiez were

incapable of conveying an interest in the easement to them and the deed purporting to do so is a nullity.

Affirmed.

Judges BECTON and EAGLES concur.