HANDY SANITARY DISTRICT, Plaintiff
v.
BADIN SHORES RESORT OWNERS ASSOCIATION, INC., a/k/a BADIN SHORES
RESORT HOMEOWNERS ASSOCIATION, Defendant

No. COA12-873

Filed 5 February 2013

## 1. Contracts—specific performance—condition precedent

The trial court did not err by entering an order directing plaintiff to perform all of its obligations under a Wastewater Services Agreement and a subsequent consent order. The trial court did not err in concluding that Article II was not a condition precedent to performance because the plain language of the Agreement and the consent order required immediate performance, inconsistent with the existence of a condition precedent.

## 2. Appeal and Error—preservation of issues—inclusion of transcript in record on appeal

Plaintiff's argument that the trial court abused its discretion in denying its request to include the hearing transcript in the

HANDY SANITARY DIST. v. BADIN SHORES RESORT OWNERS ASS'N, INC.

[225 N.C. App. 296 (2013)]

record on appeal was not properly before the Court of Appeals and was dismissed.

Appeal by plaintiff from orders entered 25 April 2012 and 12 July 2012 by Judge Steve A. Balog in Superior Court Montgomery County. Heard in the Court of Appeals 13 December 2012.

*Charles H. Harp II PC by Charles H. Harp II, for plaintiff-appellant.*

*Rossabi Black Slaughter, P.A. by Gavin J. Reardon, for defendant-appellees.*

STROUD, Judge.

Handy Sanitary District ("plaintiff") appeals from an order entered 25 April 2012 directing it to perform all of its obligations under a Wastewater Services Agreement between plaintiff and Badin Shores Resort Homeowners Association ("defendant") and a consent order entered by the trial court on 9 March 2011. Plaintiff also appeals from a 12 July 2012 order settling the record on appeal and omitting the hearing transcript from the record. For the following reasons, we affirm the trial court's 25 April 2012 order and dismiss plaintiff's appeal as to the 12 July 2012 order.

## I. Background and Procedural History

On or about 12 March 2009, plaintiff and defendant signed a Wastewater Services Agreement ("Agreement") wherein plaintiff agreed to provide various wastewater services to defendant in exchange for a preset rate of pay per occupied lot. On 22 July 2010, plaintiff filed a complaint and petition for preliminary injunction in Superior Court, Montgomery County, alleging that defendant had refused plaintiff's multiple attempts to provide the contracted-for services and requested that the court issue an injunction ordering defendant to allow plaintiff to provide wastewater services under the contract.

Defendant filed a motion to dismiss, answer, and counterclaim in response. Defendant raised multiple affirmative defenses, including that Article II of the Agreement contained an unfulfilled condition precedent, namely that the North Carolina Department of Environment and Natural Resources ("DENR") had to issue a permit allowing operation of defendant's sewer system prior to operation of the system. Defendant also counter-claimed for declaratory judgment, requesting that the court declare that no contract existed, or, in

HANDY SANITARY DIST. v. BADIN SHORES RESORT OWNERS ASS'N, INC.

[225 N.C. App. 296 (2013)]

the alternative, that the above provision of the Agreement was a condition precedent to the operation of the contract.

On 9 March 2011, the Superior Court entered a consent order requiring defendant to permit plaintiff to enter its land and connect defendant's properties to plaintiff's sewer system, maintain the current system, and within thirty days of entry of the order defendant was required to provide plaintiff with a list of occupied lots to calculate the appropriate fee. The consent order "resolve[d] all pending claims between the parties with prejudice."

On 20 January 2012 defendant filed a motion to show cause, requesting that the court enter an order for plaintiff to appear and show cause why its failure to maintain defendant's wastewater system as agreed did not constitute contempt of the court's consent order. The Superior Court, Montgomery County, entered an order to show cause on 23 January 2012, to which plaintiff responded with a counter motion to show cause, alleging in part that because DENR has not yet issued a permit, it was not required to provide services to defendant. The court then held a hearing on the issues presented and, by order entered 25 April 2012, made findings of fact, concluded that Article II of the Agreement concerning the DENR permit was not a condition precedent, and ordered plaintiff and defendant to perform all of their contractual duties. Plaintiff filed written notice of appeal on 25 April 2012.

## II. Challenged Order

[1] Plaintiff argues that the trial court's findings of fact did not support its conclusions of law and that the trial court erred in concluding that Article II of the Agreement was not a condition precedent.

It is important to note at the outset that the initial agreement was modified and incorporated into the consent order. Thus, the contract in place at the time of the alleged breach by plaintiff was the Agreement as modified by the consent order.

> The general rule is that a consent judgment is the contract of the parties entered upon the record with the sanction of the court. The consent judgment is a contractual agreement and its meaning is to be gathered from the terms used therein, and the judgment should not be extended beyond the clear import of such terms. However, to interpret the nature and import of the consent judgment more precisely, courts are not bound by

HANDY SANITARY DIST. v. BADIN SHORES RESORT OWNERS ASS'N, INC.

[225 N.C. App. 296 (2013)]

the four corners of the instrument itself. The agreement, usually reflecting the intricate course of events surrounding the particular litigation, also should be interpreted in the light of the controversy and the purposes intended to be accomplished by it.

Where the plain language of a consent judgment is clear, the original intention of the parties is inferred from its words. The trial court's determination of original intent is a question of fact. On appeal, a trial court's findings of fact have the force of a jury verdict and are conclusive if supported by competent evidence. The trial court's determination of whether the language in a consent judgment is ambiguous, however, is a question of law and therefore our review of that determination is *de novo*.

*Hemric v. Groce*, 169 N.C. App. 69, 75-76, 609 S.E.2d 276, 281-82 (citations and quotation marks omitted), *disc. rev. denied*, 359 N.C. 631, 616 S.E.2d 234 (2005).

The trial court made the following relevant findings of fact and conclusions of law:

3. On or about March 9, 2011, the Parties entered into a Consent Order in which the contract executed the 12th day of March,2009(hereinafter "The Contract") by the Parties was incorporated into the Consent Order and all of the terms of the contract, were reaffirmed, except as expressly modified in the Consent Order.

4. The Contract entered into by the Parties states:

. . . .

B. Article II. Connection/Activation Date. Handy shall provide full wastewater service to [Badin Shores] under this Agreement beginning no later than 90 days after the Badin Lake Area Sewer System is granted a full permit by the North Carolina Department of Environment and Natural Resources (DENR) and is fully operational.

. . . .

E. Article IX (B). Handy will operate the existing collection system and will maintain, make repairs,

and install replacements to that system as from time to time may be necessary. . . .

(a) Handy will operate the [Badin Shores] Wastewater System until the connection is made to Handy's Wastewater Collection System. Handy will operate under the [Badin Shores] permit if permitted to do so by DENR.

. . . .

9. The Contract when taken as a whole and in connection with the Consent Order entered to [sic] and executed by the parties and filed with the Court of March 9, 2011 is clear and unambiguous as it relates to the requirements of Handy to assume the obligation of operating, maintaining, repairing, and when and if necessary, replacing the existing Waste Water Collection System within [Badin Shores].

10. The Court after reviewing pages from the Fifth Edition of Black's Law Dictionary for the words assume, maintain, maintenance, obligate, obligation, operate, repair, and replace find those words to be clear and unambiguous and that the Contract requires that Handy perform those services pursuant to the terms of the Contract and the Consent Order for the benefit of [Badin Shores] which services are to include all costs for electricity needed to operate, maintain, and or [sic] replace the [Badin Shores] collection system . . . .

CONCLUSIONS OF LAW

. . . .

3. The Waste Water Services Agreement entered into between the Parties on or about March 12, 2009 and the Consent Order entered by the Court on or about March 9, 2011 are clear and unambiguous and Handy is required to perform it's [sic] obligations as set forth in the Waste Water Services Agreement and Consent Order without further delay. . . .

4. Paragraph II CONNECTION/ACTIVATION DATE of the Wastewater Services Agreement as set forth hereinabove is not a condition precedent and the Badin Lake

IN THE COURT OF APPEALS 301

HANDY SANITARY DIST. v. BADIN SHORES RESORT OWNERS ASS'N, INC.

[225 N.C. App. 296 (2013)]

> Area Sewer System does not need to be fully operational
> and the Plaintiff does not need to be granted a full per-
> mit by the North Carolina Department of Environment
> and Natural Resources before the contractual right
> arises for Plaintiff to provide full wastewater service
> to Defendant.

Plaintiff does not challenge any finding of fact as unsupported by
the evidence. The contents of the initial agreement and the consent
order are undisputed. Plaintiff correctly notes that the court's find-
ings 9 and 10 concerning the lack of ambiguity in the contract are
actually conclusions of law reviewed *de novo*. *See Myers v. Myers*,
___ N.C. App. ___, ___, 714 S.E.2d 194, 198 (2011) ("Our review of a
trial court's determination of whether a contract is ambiguous is *de
novo*."). Plaintiff does not, however, argue that either the Agreement
or the consent order is ambiguous. Indeed, it argues that the plain
language of the Agreement "clearly indicates" a condition precedent.
Thus, the only question is whether the trial court erred in concluding
that Article II was not a condition precedent.

Defendant argues that plaintiff is bound by its contrary prior judi-
cial admission and ought to be judicially estopped from making this
argument on appeal because its original complaint requested specific
performance, which necessarily assumes no unfulfilled conditions
precedent. *See In re Foreclosure of Goforth Properties, Inc.*, 334 N.C.
369, 375-76, 432 S.E.2d 855, 859 (1993) ("non-occurrence of a condi-
tion prevents the promisee from acquiring a right, or deprives him of
one." (citation and quotation marks omitted)). Although plaintiff's
position before the trial court in the contempt hearing and on appeal
is the exact opposite of its position in the complaint, defendant
apparently raised neither estoppel nor judicial admissions below, as
the trial court made no mention of either in its order.

> A condition precedent is an event which must occur
> before a contractual right arises, such as the right to
> immediate performance. Breach or non-occurrence of a
> condition prevents the promisee from acquiring a right,
> or deprives him of one, but subjects him to no liability.
> The provisions of a contract will not be construed as
> conditions precedent in the absence of language plainly
> requiring such construction. The weight of authority is
> to the effect that the use of such words as 'when,' 'after,'
> 'as soon as,' and the like, gives clear indication that a

HANDY SANITARY DIST. v. BADIN SHORES RESORT OWNERS ASS'N, INC.

[225 N.C. App. 296 (2013)]

promise is not to be performed except upon the happening of a stated event.

*Id.* at 375-76 (citations, quotation marks, and brackets omitted).

The relevant language from the Agreement states that "Handy shall provide full wastewater service to BSR under this Agreement beginning no later than 90 days after the Badin Lake Area Sewer System is granted a full permit by the North Carolina Department of Environment and Natural Resources (DENR) and is fully operational." As plaintiff argues, this language contains the word "after", a word that may indicate a condition precedent. *See id.* at 376. The Agreement also makes clear, however, that the parties' duty to perform was to begin before DENR granted the permit by stating in Article 9(B)(a) that "Handy will operate the BSR Wastewater System until the connection is made to Handy's Wastewater Collection System. Handy will operate under the BSR permit if permitted to do so by DENR." There is no evidence that DENR has forbidden plaintiff from operating under defendant's license, as contemplated by the Agreement, or otherwise attempted to prevent plaintiff's performance.[1]

Moreover, the consent order called for *immediate* performance by both parties, as requested by plaintiff in its initial complaint, and in no way implied that performance by either party was to be delayed until DENR issued a permit. "The [consent order], usually reflecting the intricate course of events surrounding the particular litigation, also should be interpreted in the light of the controversy and the purposes intended to be accomplished by it." *Hemric*, 169 N.C. App. at 75, 609 S.E.2d at 82. In plaintiff's complaint, it requested immediate access to defendant's lots in order to begin performance. Defendant raised several affirmative defenses, including that Article II was a condition precedent to performance. If defendant had been correct that it was a condition precedent, plaintiff would not have been entitled to specific performance as it had requested. *See In re Foreclosure of Goforth Properties, Inc.*, 334 N.C. at 375, 432 S.E.2d at 859. Thus, the issue of whether Article II was a condition precedent was a central part of the controversy. The consent order "resolve[d] all pending claims between the parties," including defendant's claim

---

1. Plaintiff further argues that Article II had to be a condition precedent because it would be precluded from operating the wastewater system without a license under N.C. Gen. Stat. § 143-215.1(a)(2011). Given Article 9(B)(a) of the Agreement, which provides for operating under defendant's license, and the absence of evidence that DENR or any other governmental entity has even threatened to forbid such operation, we find this argument unpersuasive.

HANDY SANITARY DIST. v. BADIN SHORES RESORT OWNERS ASS'N, INC.

[225 N.C. App. 296 (2013)]

that Article II was a condition precedent. By requiring immediate performance of the contractual duties by both parties, the consent order necessarily disposed of any potential condition precedent. *See id.* ("A condition precedent is an event which must occur *before* a contractual right arises, *such as the right to immediate performance.*" (emphasis added)).

Plaintiff also argues that the sequence of the articles in the contract gives prior articles, such as Article II, superior force over the subsequent articles, such as Article IX, which require immediate performance, based simply on the location of the provision in the contract. This argument is creative but without any discernible basis in the rules of contract interpretation or law. Contracts are to be considered in their entirety and the various provisions are to be interpreted harmoniously when possible. *See Meehan v. American Media Intern., LLC,* ___ N.C. App. ___, ___, 712 S.E.2d 904, 911 (2011) ("A contract must be considered as an entirety. The problem is not what the separate parts mean, but what the contract means when considered as a whole." (citation, quotation marks and brackets omitted)), *disc. rev. denied,* ___ N.C. ___, 731 S.E.2d 151 (2012); *Jeffers v. D'Allessandro,* 199 N.C. App. 86, 100, 681 S.E.2d 405, 415 (2009) ("In interpreting contracts, the various terms of the contract are to be harmoniously construed, and if possible, every word and every provision is to be given effect." (citation, quotation marks, and ellipses omitted)). One provision cannot be given precedence over another simply by virtue of the order in which they appear in the contract. Plaintiff cites no case that supports its proposition that the order of the provisions of the contract indicates the "priority of the order in which they should be read." This argument is without merit.

"[C]onditions precedent are disfavored by the law. Only where the clear and plain language of the agreement dictates such construction will a term be viewed as a condition precedent to performance of a contractual obligation." *Stewart v. Maranville,* 58 N.C. App. 205, 206, 292 S.E.2d 781, 782 (1982) (citation omitted). Because the plain language of the Agreement and the consent order required immediate performance, inconsistent with the existence of a condition precedent, we hold that the trial court did not err in concluding that Article II was not a condition precedent to performance.

### III. Omission of the Hearing Transcript on Appeal

**[2]** Plaintiff also contends that the trial court abused its discretion in denying its request to include the hearing transcript in the record on

appeal. We conclude that this issue is not properly before us and dismiss plaintiff's appeal as to this issue.

> [O]nly the judge of the superior court or of the district court from whose order or judgment an appeal has been taken is empowered to settle the record on appeal when judicial settlement is required. N.C. Gen.Stat. § 1–283 (1999). This Court has held that the appellate court is bound by the contents of the record on appeal. The record imports verity and the Court of Appeals is bound thereby. Where asked to settle the record on appeal, the trial judge then has both the power and the duty to exercise supervision to see that the record accurately presents the questions on which this Court is expected to rule. This Court must receive and act upon the case settled for this Court as importing absolute verity and as it comes from the court below. This Court has no authority to suggest to, direct or require the judge, in settling the case, as to what facts he shall state, or what matter he shall set forth. Thus, the trial judge's settlement of the record on appeal is final, and cannot be reviewed by this Court on appeal.

*North Carolina Farm Bureau Mut. Ins. Co. v. Allen,* 146 N.C. App. 539, 543-44, 553 S.E.2d 420, 423 (2001) (citations, quotation marks, ellipses, and brackets omitted).

Plaintiff has not filed a petition for certiorari regarding settlement of the record. Nor has plaintiff included in the record before this Court a supplement including the disputed transcript pursuant to Rule 11(c) of the North Carolina Rules of Appellate Procedure. N.C.R. App. P. 11(c) ("If a party requests that an item be included in the record on appeal but not all other parties to the appeal agree to its inclusion, then that item shall not be included in the printed record on appeal, but shall be filed by the appellant with the printed record on appeal in three copies of a volume captioned 'Rule 11(c) Supplement to the Printed Record on Appeal,' along with any verbatim transcripts, narrations of proceedings, documentary exhibits, and other items that are filed pursuant to Rule 9(c) or 9(d); provided that any item not filed, served, submitted for consideration, or admitted, or for which no offer of proof was tendered, shall not be included. Subject to the additional requirements of Rule 28(d), items in the Rule 11(c) supplement may be cited and used by the parties as

would items in the printed record on appeal.") We are without power to review the trial court's settlement of the record on direct appeal and therefore dismiss plaintiff's appeal as to the 12 July 2012 order. *See Craver v. Craver*, 298 N.C. 231, 237, 258 S.E.2d 357, 362 n.6 (1979) ("Generally the action of the trial judge in settling the record on appeal when the parties cannot agree thereon is final and not subject to direct appeal. However, a challenge to the trial court's settlement may be preserved by an application for certiorari *made incidentally* with the perfection of the appeal upon what record there is." (emphasis in original)). Given the absence of a Rule 11(c) supplement, we also decline to treat the plaintiff's brief as a petition for certiorari, as it would be impossible for us to consider plaintiff's arguments without having the disputed transcript before us.[2]

### IV. Conclusion

In summary, we affirm the trial court's 25 April 2012 order because the court did not err in concluding that Article II of the Agreement was not a condition precedent and dismiss plaintiff's appeal as to the 12 July 2012 order regarding settlement of the record on appeal.

AFFIRMED; DISMISSED.

Judges McGEE and HUNTER, JR., Robert N. concur.

---

2. In addition, plaintiff's brief does not provide any indication that the transcript would be relevant to the issues before this Court, as plaintiff argues generally that "A transcript would provide insight into several matters including evidence received, if any; arguments of counsel; review of exhibits; review of case law; and inquiry by the trial court. In this matter it would be particularly relevant as Findings of Fact Nos. 6 and 7 reference arguments of counsel and Finding of Fact No. 8 references stipulations of counsel." But as noted above, plaintiff has not challenged findings of fact 6, 7, or 8 on appeal.